559 So.2d 1048 (1990)
Mrs. Erma J. POLK
v.
LaPlause POLK.
No. 07-CA-59075.
Supreme Court of Mississippi.
April 11, 1990.
*1049 Leman D. Gandy, Greenwood, for appellant.
Pat M. Barrett, Jr., Barrett Law Offices, Lexington, for appellee.
Before HAWKINS, P.J., and ROBERTSON and PITTMAN, JJ.
HAWKINS, Presiding Justice, for the court:
Erma J. Polk appeals from a final decree of the chancery court of Holmes County granting her husband LaPlause Polk a divorce, custody of children, and directing a sale of the marital residence. For the reasons stated, we affirm.

FACTS
LaPlause and Erma were married on June 25, 1967. They had three children, Darien, Kawanis, and Marcus. Darien was born on September 24, 1968, Kawanis on January 19, 1972, and Marcus on June 22, 1977.
LaPlause teaches social studies at the S.V. Marshall High School in Tchula, Mississippi, and Erma owns her own beauty salon.
The parties filed for divorce on November 24, 1981. The divorce was not granted, but the court did give permanent custody of all three children to LaPlause.
They continued to live in the marital home. LaPlause and Erma, however, slept in separate bedrooms. Finally, on November 12, 1985, LaPlause took the children and moved in with his mother.
On January 27, 1986, Erma was granted custody of her 14 year old daughter, Kawanis, who was pregnant. LaPlause was also ordered to pay $100 a month child support. It was never found, however, that either party was an unfit parent.
On April 13, 1987, Erma filed for a divorce on the ground of desertion. LaPlause counterclaimed for divorce on the ground of habitual cruel and inhuman treatment.
LaPlause was granted the divorce. Also, the custody arrangements remained unchanged except for child support. Finally, the lower court ordered that the marital home should be sold and the proceeds divided equally.

LAW
LaPlause testified to several acts of violence. Erma did not deny that the events occurred, but contended that she was acting in self-defense.
Erma claims that the ruling of the court was based on the uncorroborated testimony of LaPlause, and as a result, the evidence was insufficient to support the court's ruling.
Erma has misconstrued the meaning of corroboration. LaPlause's testimony was corroborated. Sheriff Willie March testified that he had been called to the Polk home on several occasions due to domestic problems. Furthermore, she admitted that the acts of violence did occur. According to Rainey v. Rainey, 205 So.2d 514 (Miss. 1967), this Court held:
We have carefully reviewed the record and have concluded that the evidence establishing the ground for divorce was sufficiently corroborated to support the action of the chancellor in granting the divorce, particularly when viewed in the light of admissions made by the appellant. The credibility of the witnesses and the weight of their testimony, as well as the interpretation of evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts. The issue here was a factual one and the chancellor's decision will not be disturbed since it was not manifestly wrong.
Id., at 515. Thus, the chancellor as the trier of facts is capable of determining whether or not she acted in self-defense.
Even without any corroboration as to any of the factual components, however, the chancery court is not entirely powerless to find that the evidence is sufficient to *1050 support a finding of habitual cruel and inhuman treatment. Anderson v. Anderson, 190 Miss. 508, 200 So. 726 (1941).
Erma also appeals the award of custody and child support. She claims that she should have been awarded custody of Marcus and that she should have been granted child support for Kawanis.
In order to grant a change in custody, it was incumbent upon Erma to show that there had been a "material change in circumstances materially affecting the child's welfare adversely, and [that it is in] the child's best interest to take custody away from [his father]." Woodruff v. Woodruff, 418 So.2d 775 (Miss. 1982).
Erma testified at trial that Marcus' grades had fallen, that he was left unattended, and that LaPlause kept him out too late at school functions when he should be studying.
The principal from Marcus' school testified that Marcus' performance in school was satisfactory. He also testified that Marcus did not have any discipline problems.
When Erma regained custody of Kawanis in 1986, the court ordered LaPlause to pay $100 a month for child support. When he was awarded a divorce, however, the court did not award any child support. In denying Erma any child support, the lower court held:
The Court is not going to award either party any child support due to the fact that each party will have the responsibility for the child in their custody; and further, their respective incomes are almost the same.
According to MCA § 93-5-23 (Supp. 1986):
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage[.]
In light of the deference given to chancellors in these matters, the custody and child support arrangements should be affirmed.
Finally, Erma appeals the lower court's order to sell the family home. No money was owed on the home, and it was owned jointly by Erma and LaPlause.
Erma claims that the lower court's denial of her use of the marital home was not in the best interest of Kawanis. Kawanis, however, was not the only child that the court had to consider. Marcus also had an interest in his family home.
The Chancellor decided that it was in everyone's best interest to sell the home and divide the proceeds from the sale. According to Regan v. Regan, 507 So.2d 54 (Miss. 1987), this Court held:
The right of partition, however, is subject to the paramount authority and responsibility of the Chancery Court in cases such as this to make such orders as are necessary and appropriate for "the care, custody and maintenance of the children of the marriage." Miss. Code Ann. § 93-5-23 (Supp. 1986).
Id., at 57. Thus, it was within the court's discretion to deny Erma's request to remain in the marital home and order that the house be sold. Of course, any purchaser of the home at the sale did so subject to being divested of his title in event the final decree were reversed on appeal. Stone v. McKay Plumbing Co., 200 Miss. 792, 818, 30 So.2d 91, 94 (1947); Miss. Code Ann. § 11-51-3 (1972).
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.