605 So.2d 817 (1992)
E.W. BLANKINSHIP and Wife, Velma Blankinship
v.
Lillie Mae PAYTON and Landmark Financial Services of Mississippi, Inc.
No. 89-CA-0650.
Supreme Court of Mississippi.
September 2, 1992.
*818 R.K. Houston, Bay Springs, for appellants.
Thomas L. Tullos, Bay Springs, for appellees.
Before HAWKINS, P.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:

I.
Here coterminous landowners in the Nazareth community of rural Jasper County seek judicial establishment of their east-west boundary. E.W. (Rip) Blankinship and wife, Velma Blankinship, claim the fence they built is the boundary based on fifty years of adverse possession, or, alternatively, that the "forty line" as surveyed is the boundary separating their property. Lillie Mae Payton defends and counter-claims that the line is neither location. She claims her adverse possession, and that of her grantor in her 1976 deed, is sufficient to establish the line where an old, but no longer standing, fence was located. She was allowed to amend, after Blankinships' case, to claim the true boundary is an imaginary line between a "telegraph pole and some pine trees." That is the boundary line established by Chancellor Hunter. The Blankinships appeal raising four issues:
I. The court erred in allowing the amendment;
II. The court erred in finding an imaginary line to be the boundary line;
III. The court erred in failing to adjudicate the quarter-section line as established by the survey to be the true boundary line; and
IV. The court erred in failing to admit in evidence the plat of James W. Saul, Surveyor.
We find error and reverse and render.[1]

II.
In 1948, the Blankinships were in possession of the land Rip's sister, Lillie Mae Lewis, deeded to his first wife, Marzela Blankinship, in 1952. After his first wife's death, Rip deeded the land to himself and his second wife, Velma, by deed dated in 1967. The land is described in those deeds as:
N 1/2 of SW 1/4 of the NW 1/4 of Section 10, Township 1 North, Range 10 East, Second Judicial District of Jasper County, Mississippi less and except the oil, gas and minerals heretofore reserved.
Rip built a fence that he and George Millsaps (Payton's predecessor in title) agreed on, which was maintained until the Paulding-Taylorsville Road was paved in 1969. At that time a new fence was built by Rip. He and Millsaps agreed on the fence, but did not agree it was on the boundary line. Later, in 1976, Millsaps deeded Payton two acres adjoining the Blankinship property on the east. Payton tore down the Blankinships' fence, which the Blankinships rebuilt after several months. When Payton piled lumber on their property, the Blankinships employed counsel, and on December 18, 1987, filed this action "to cancel cloud upon the title" and to establish the boundary line.
Except for the Blankinships' alternative claim that the boundary be set on the survey *819 line, the parties' other claims are based on conflicting claims of adverse possession of the same parcel of land. No improvements are located on the parcel in question, which is part pasture (on the Blankinship side of the fence) and part trees (on the Payton side of the fence).
The Blankinships and their witnesses testified concerning possession of the contested parcel.
The Blankinships have cultivated the land in question raising corn, beans, watermelons, cane, and sweet potatoes. They maintained a large garden for about 30 years. Presently, they have the area in pasture, planting rye grass and grazing cattle on the parcel.
Payton and her witnesses testified to the following possessory action.
They picked blackberries; her children played on the land; their shetland pony grazed on it; and they planted pine trees and cut two cedars for Christmas trees. She claimed to have had a survey at the time she bought the property and had given it to her attorney, but none was introduced in evidence. She did testify that the fence was there when she bought the property and she was aware that the Blankinships claimed ownership of the land in question.

III.
Miss. Code Ann. § 15-1-13 (1972) provides:
Ten years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title, saving to persons under the disability of minority or unsoundness of mind the right to sue within ten years after the removal of such disability, as provided in section 15-1-7. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than thirty-one years.
To establish title by adverse possession (virgin title), the claimant must prove by clear and convincing evidence, West v. Brewer, 579 So.2d 1261 (Miss. 1991), actual possession and each of the following six elements:
1) Under claim of ownership;
2) Actual or hostile;
3) Open, notorious, and visible;
4) Continuous and uninterrupted for a period of ten years;
5) Exclusive; and
6) Peaceful.
Thornhill v. Caroline Hunt Trust Estate, 594 So.2d 1150, 1153 (Miss. 1992) (not yet reported); West v. Brewer, supra. Engineer and surveyor John Saul was employed by the Blankinships to survey the east line of the Blankinship property and determine the forty line and the corners. His plat, prepared the day of his testimony, was not received in evidence because it had not been supplied earlier to counsel opposite as required by discovery request. His survey revealed the north part of the existing fence encroached on the Blankinship property, and on the south encroached on the Payton property. The northeast corner was found 12.2 feet south of the east-west fence and north of the mobile home (of Payton) and east of the fence that runs in a northwest-southeasterly direction. Saul testified that the surveyed line was 52 feet east of the fence on the north and 51 feet west of the fence on the south. The fence line and the surveyed line formed a diagonal X with the fence crossing the line.
Clearly, neither the Blankinships nor Payton proved by clear and convincing evidence all the elements of adverse possession. In fact, neither proved continuous possession of the parcel in question. By their deeds, both the Blankinships and Payton constructively possessed the land described in the deed.
Possession is defined as "effective control over a definite area of land, evidenced *820 by things visible to the eye or perceptible to the senses. It includes control over the land and the intent to exclude others except with the occupant's consent." George A. Pindar, American Real Estate Law, § 12-13 (1976). Constructive possession is that which follows the title, and in this case would be bounded by the survey line of the forty. In this case, neither of the parties satisfied the requirement to be adverse possessors against the other because an adverse possessor "must unfurl his flag on the land, and keep it flying, so that the (actual) owner may see, and if he will, that an enemy has invaded his domains, and planted the standard of conquest." Walter G. Robillard and Lane J. Bouman, A Treatise on the Law of Surveying and Boundaries, § 22.08 (5th ed. 1987).
The possession of these neighbors against the other, if adverse, was inexplicably intermittent, or alternated with use by the true owner, which is not adverse possession. Richard R. Powell and Patrick J. Rohan, Powell on Real Property, § 91-27 (Supp. 1989). Neither entered the property of the other claiming it as his own without interruption for the statutory period of time.
Because both the Blankinships and Payton failed to prove hostile and exclusive possession of the land to which each held record title for a period of ten years, we conclude the chancellor erred in holding that Payton acquired title to the disputed property through adverse possession.

IV.
In the absence of an established claim for adverse possession, the only competent proof of the proper boundary is the Saul survey. Appellee's attack on that survey, contending that there is no evidence of record that the pins placed by the surveyor remain in place is without merit. We reverse the trial court, and render judgment here establishing the Saul survey line as the true boundary line.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN and McRAE, JJ., concur.
NOTES
[1] United States of America, acting as the Farmers Home Administration, United States Department of Agriculture, is a party defendant because it is the beneficiary in five deeds of trust covering the land, all signed by Blankinships for loans having a balance of over $25,000 at the time of the trial. Stipulation protecting their interest at the beginning of the trial made it unnecessary that they participate. The Blankinships also had signed a deed of trust in favor of Landmark Financial Services of Mississippi, Inc., which was made a party, defaulted, and had a default judgment entered against it.