748 So.2d 184 (1999)
Don R. WILBOURNE, Appellant,
v.
Mathilde WILBOURNE, Appellee.
No. 1998-CA-00983-COA.
Court of Appeals of Mississippi.
July 27, 1999.
Rehearing Denied October 12, 1999.
Certiorari Denied January 13, 2000.
*185 Henry Palmer, Meridian, Attorney for Appellant.
Helen J. McDade, DeKalb, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND LEE, JJ.
BRIDGES, J., for the Court:
¶ 1. Don Wilbourne (Don) appeals the decision of the Chancery Court of Kemper County, Mississippi, in which he was denied a divorce on the ground of habitual, cruel and inhuman treatment and ordered to pay separate maintenance to his wife, Mathilde Wilbourne (Mathilde). Don argues on appeal that (1) he was entitled to a divorce on the ground of habitual, cruel *186 and inhuman treatment, (2) the trial court erred by ordering him to remove himself from his girlfriend's house, and (3) Mathilde was not entitled to separate maintenance. Because we find that the Chancery Court erred in ordering Don by injunction to remove himself from his girlfriend's house and to resume the marriage, we reverse in part and affirm in part.

FACTS
¶ 2. The Wilbournes were married on November 15, 1963, and had three children who are now adults and self-supporting. On April 17, 1997, Mathilde filed for separate maintenance, alimony and support, and related relief. On May 23, 1997, Don filed for a divorce on the ground of habitual, cruel and inhuman treatment or, in the alternative, irreconcilable differences. The chancellor issued his order on November 19, 1997, wherein he denied Don's complaint for divorce and awarded separate maintenance to Mathilde in the amount of $150 per month. The court also allowed the appellee's attorney to submit a proposed judgment that included an award of exclusive possession, use, and occupancy of the marital home to Mathilde and required Don to pay all mortgage payments due thereon to Farmers Home Administration. The judgment further ordered Don to provide Mathilde with transportation, to maintain hospital and medical insurance policies, and to pay any expenses not covered by the insurance policies. In addition, the judgment ordered Don by injunction to remove himself from the home of his girlfriend and to resume his marital obligations to his wife. Unhappy with the proposed judgment, Don filed a motion to correct or amend the judgment contending that the language concerning the use of the marital home, the insurance policies, and the transportation was not part of the court's opinion and should not have been included in the judgment. The trial court granted this motion stating that the judgment should be corrected or amended because it was open-ended and vague. After hearing proposed findings of fact by both parties and reviewing all the evidence, the chancellor amended the original judgment on April 3, 1998. The amended judgment ordered that Mathilde was entitled to separate maintenance in the amount of $450 per month. The amended order further awarded Mathilde exclusive possession, use, and occupancy of the marital home and required Mathilde to make the mortgage payments on the home to the Farmers Home Administration. Aggrieved by the chancellor's ruling, Don has perfected this appeal.

ARGUMENT AND DISCUSSION OF LAW

I. WHETHER DON WILBOURNE WAS ENTITLED TO A DIVORCE BASED UPON THE EVIDENCE AND LAW ON THE GROUNDS OF HABITUAL, CRUEL AND INHUMAN TREATMENT.
¶ 3. On appeal, this Court will not reverse unless it finds that the findings of the chancellor were manifestly wrong. Steen v. Steen, 641 So.2d 1167, 1169 (Miss. 1994); Daigle v. Daigle, 626 So.2d 140, 144 (Miss.1993). Where there is substantial evidence supporting the chancellor's ruling, the decision will be upheld. Brooks v. Brooks, 652 So.2d 1113, 1124 (Miss.1995). Further, we must review these findings in the light most favorable to the appellee. Rawson v. Buta, 609 So.2d 426, 429 (Miss. 1992). Where the chancellor's findings of fact are supported by credible evidence, this Court is not at liberty to disturb those findings. In Polk v. Polk, 559 So.2d 1048, 1049 (Miss.1990), the Mississippi Supreme Court held that the credibility of witnesses and the weight of their testimony, as well as the interpretation of the evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts. Where the matters on appeal concern divorce and child support, this Court must give even greater deference to the chancellor's decisions *187 in factual matters. Steen, 641 So.2d at 1169-70.
¶ 4. Habitual cruel and inhuman treatment may be established by a showing of conduct that either (1) endangers life, limb, or health, or creates a reasonable apprehension of such danger, rendering the relationship unsafe for the party seeking relief, or (2) is so unnatural and infamous as to make the marriage revolting to the non-offending spouse and render it impossible for that spouse to discharge the duties of marriage, thus destroying the basis for its continuance. Daigle v. Daigle, 626 So.2d 140, 144 (Miss.1993); Gardner v. Gardner, 618 So.2d 108, 113-14 (Miss.1993). Although the cruel and inhuman treatment usually must be shown to have been "systematic and continuous," see Robinson v. Robinson, 554 So.2d 300, 303 (Miss.1989), a single incident may provide grounds for divorce. Ellzey v. Ellzey, 253 So.2d 249, 250 (Miss.1971). The requisite behavior may be established by a preponderance of the evidence, and the charge "means something more than unkindness or rudeness or mere incompatibility or want of affection." Daigle, 626 So.2d at 144 (quoting Smith v. Smith, 614 So.2d 394, 396 (Miss.1993)).
¶ 5. In this case, there is sufficient reason to support the chancellor's finding that Don is not entitled to a divorce on the ground of habitual, cruel and inhuman treatment. The record shows that the chancellor found that the marriage was unpleasant and that the parties were incompatible. Consistently, the Mississippi Supreme Court has held that mere incompatibility is not enough to show habitual, cruel and inhuman treatment. Potts v. Potts, 700 So.2d 321, 323 (Miss.1997); Steen, 641 So.2d at 1170. The record shows that the Wilbournes argued during their marriage and even on occasion had involved physical acts of violence. Both parties also admitted that their marriage was held together by a desire to raise their children. However, the chancellor found after reviewing the evidence, that the arguments amounted to an unpleasant marriage and an incompatibility between the parties and did not merit a divorce on the ground of habitual, cruel and inhuman treatment. This Court must give great deference to the factual findings of the chancellor that are supported by substantial evidence. Steen, 641 So.2d at 1169-70. Accordingly, this issue is without merit.
II. WHETHER IT WAS ERROR FOR THE TRIAL COURT TO MAKE A DETERMINATION THAT DON WILBOURNE WAS LIVING WITH HIS GIRLFRIEND AND TO ORDER DON WILBOURNE TO REMOVE HIMSELF FROM HIS GIRLFRIEND'S HOUSE
III. WHETHER OR NOT MATHILDA WILBOURNE WAS ENTITLED TO SEPARATE MAINTENANCE BECAUSE OF HER OWN ACTIONS.
¶ 6. Because these issues both deal with the award of separate maintenance, we will address them together.

Did the trial court err by awarding Mathilde separate maintenance?
¶ 7. "[A] decree for separate maintenance is a judicial command to the husband to resume cohabitation with his wife, or in default thereof, to provide suitable maintenance of her until such time as they may be reconciled to each other." Kennedy v. Kennedy, 650 So.2d 1362, 1367 (Miss.1995) (quoting BUNKLEY & MORSE, AMIS ON DIVORCE AND SEPARATION IN MISSISSIPPI, § 7.00 (2d ed.1957)). To grant separate maintenance there must be "a separation without fault on the wife's part, and willful abandonment of her by the husband with refusal to support her." Lynch v. Lynch, 616 So.2d 294, 296 (Miss.1993), quoting Etheridge v. Webb, 210 Miss. 729, 50 So.2d 603, 607 (1951). However, the Mississippi Supreme Court has held that the wife need not be totally without fault as long as her conduct did not materially contribute to the separation. Robinson v. Robinson, 554 So.2d 300, 303 (Miss.1989). During this time, the wife is entitled to be *188 maintained in the same standard of living as if the parties were still cohabiting. Id. at 305; Thompson v. Thompson, 527 So.2d 617, 622 (Miss.1988). "On appeal, this Court will not overturn the chancery court unless its findings were manifestly wrong." Daigle v. Daigle, 626 So.2d 140, 144 (Miss. 1993).
¶ 8. After hearing the testimony of both parties, the chancellor determined that Mathilde was entitled to an award of separate maintenance. Upon reviewing the record, we find that there was substantial evidence to support an award of separate maintenance by the chancellor. Don's own testimony shows that he was separated from Mathilde, having an adulterous affair, and not supporting his wife. Lynch, 616 So.2d at 296. Although Don argues that separate maintenance should not have been awarded because Mathilde was at fault, the chancellor found that Don's unfaithfulness and his involvement in an affair entitled Mathilde to separate maintenance. Mathilde testified that she thought Don had left her for another woman, and Don testified that shortly after he separated from Mathilde, he began having a relationship with his current girlfriend. The Mississippi Supreme Court has held that the credibility of witnesses and the weight of their testimony, as well as the interpretation of the evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts. Polk, 559 So.2d at 1049. In this case, the evidence supports a determination by the chancellor that Mathilde's fault did not materially contribute to the separation therefore entitling her to separate maintenance. Robinson, 554 So.2d at 303. The chancellor heard the evidence of both parties, and his conclusion is beyond this court's authority to disturb. Accordingly, we find that this issue is without merit.

Did the trial court err by enjoining Don to move from his girlfriend's house?
¶ 9. Don argues that the trial court erred by ordering him to remove himself from his girlfriend's house. The chancellor determined that Don was living with another woman in an adulterous relationship and enjoined Don to remove himself from his girlfriend's house. The chancellor further ordered that Don would be held in contempt of court if he continued to live with his girlfriend. The appellant cited Miss.Code Ann. § 11-5-79 (Rev.1991), arguing that the trial court had no authority to enjoin Don and threaten him with contempt. Don further contends that the trial court cannot require the parties to reconcile. We agree with the appellant on this issue. By definition, "separate maintenance is a judicial command to the husband to resume cohabitation with his wife, or in default thereof, to provide suitable maintenance of her until such time as they may be reconciled to each other." Kennedy v. Kennedy, 650 So.2d 1362, 1367 (Miss. 1995) (quoting BUNKLEY & MORSE, AMIS ON DIVORCE AND SEPARATION IN MISSISSIPPI, § 7.00 (2d ed.1957)). An award of separate maintenance to Mathilde requires Don to resume cohabitation with his wife or provide suitable maintenance of her until they are reconciled. The court cannot require Don by injunction or an order of contempt to resume his marriage with Mathilde and move back into the marital home. In Stribling, the Mississippi Supreme Court held the following:
[W]hile the Court has the power under proper circumstances to deny a divorce, it does not have the power to require that these parties resume the relationship of husband and wife. With this statement we agree, and we also are aware of no rule whereby the courts have the power to restore that which the individuals have torn away.
Stribling v. Stribling, 215 So.2d 869, 870 (Miss.1968). By awarding separate maintenance the court has commanded Don to resume cohabitation with Mathilde or make the necessary payments of $450 per month to support Mathilde. Therefore, *189 this Court agrees that this issue has merit, and we reverse on this issue.
¶ 10. In conclusion, this Court finds that the chancellor had sufficient evidence to determine that Don was not entitled to a divorce on the ground of habitual, cruel and inhuman treatment and that Mathilde was entitled to an award of separate maintenance. In awarding separate maintenance, the chancellor also allowed Mathilde to have exclusive possession, use, and occupancy of the marital home. This Court affirms this award, however, same is subject to the appellant's right to resume co-habitation in the marital home at any time for the purpose of reconciliation. Kennedy v. Kennedy, 650 So.2d 1362, 1367 (Miss.1995) (quoting BUNKLEY & MORSE, AMIS ON DIVORCE AND SEPARATION IN MISSISSIPPI, § 7.00 (2d ed.1957)). Further, we do not find that the chancellor had the authority to enjoin Don from living with his girlfriend nor the authority to hold him in contempt if he did not move from his girlfriend's house. Therefore, we affirm the chancellor's order denying Don a divorce and granting Mathilde separate maintenance and reverse the order enjoining Don to move from his girlfriend's house or be held in contempt of court.
¶ 11. THE JUDGMENT OF THE KEMPER COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED IN PART. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.