IRVING, J.,
for the Court.
¶ 1. The Municipal Court of the City of Aberdeen found Michael McDonald guilty of driving under the influence, first offense, improper stopping, and possession of an open container of beer. McDonald appealed his conviction to the Monroe County Circuit Court. In a bench trial, the trial court found McDonald guilty of driving under the influence, first offense, but dismissed the charges of improper stopping and possession of an open container of beer. McDonald was sentenced to two days’ incarceration in the Monroe County jail, with said sentence suspended, upon the condition that he not violate any laws or statutes of the State of Mississippi. McDonald was also placed on unsupervised probation for 180 days, fined $1,000 and court costs, and ordered to attend and complete an alcohol safety education program.
¶2. Aggrieved, McDonald appeals his conviction and argues that the trial court committed reversible error in failing to grant his motion to dismiss the DUI charge due to the City’s failure to prove beyond a reasonable doubt that he was under the influence of alcohol at the time of his arrest.
¶ 3. Similarly, the City of Aberdeen cross-appeals and alleges that (1) the City offered sufficient evidence that McDonald was in possession of an open container of beer, and (2) the police officer’s ticket sufficiently charged McDonald with “improper stopping” in violation of Mississippi Code Annotated section 63-3-903 (Rev. 2004).
¶ 4. Finding no reversible error, we affirm McDonald’s DUI conviction and the trial court’s dismissal of the charges of improper stopping and possession of an open container.
FACTS
¶ 5. On April 29, 2001, Officer Randy Perkins, a lieutenant with the Aberdeen Police Department, testified that he was dispatched to the intersection of Commerce Street and Highway 45 where he found a vehicle sitting in the road blocking traffic.[1] He stated that the car’s engine was running and that McDonald was lying over the steering wheel asleep. The officer also testified that McDonald’s car was approximately twenty feet beyond the stop *776 sign and that the front end of McDonald’s car was sitting in the roadway jutting into Highway 45, so that other cars had to go around it. The officer stated that he had to beat on McDonald’s window several times before awaking him. Officer Perkins testified that when McDonald woke up, he looked around as if he was lost, and when he asked McDonald to step out of the vehicle, Officer Perkins saw an open container of beer on the console and could smell a strong odor of alcohol emanating from McDonald. As McDonald exited the car, he staggered and almost fell. Officer Perkins had to support him to the rear of the vehicle. Officer Perkins testified that he asked McDonald several questions to determine if McDonald had diabetes or was ill. Officer Perkins administered to McDonald the Horizontal Gage Nystagmus test (HGN) and a portable Intoxilyzer test. McDonald was then arrested and transported to the Aberdeen Police department. While at the station, McDonald informed Officer Perkins that McDonald had drunk three beers but refused to give a breath sample for an analysis by an Intoxilyzer machine.
¶6. McDonald, however, testified that his car was not jutting out into the highway as alleged by Officer Perkins. Rather, he was sitting beside a stop sign with his vehicle in drive. McDonald also testified that at the time of the incident, he was taking medications for depression and anxiety. Additional facts will be related during our discussion of the issues.
DISCUSSION AND ANALYSIS OF THE ISSUES

DUI Charge

¶ 7. McDonald argues that the trial court committed reversible error in failing to grant his motion to dismiss the DUI charge because the City of Aberdeen (City) failed to prove beyond a reasonable doubt that he was under the influence of an intoxicating substance at the time of his arrest. McDonald claims that he was not intoxicated but instead, had a reaction to medication which caused him to pass out.
¶ 8. A motion for a JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “In appeals from an overruled motion for JNOV[,] the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the [City].” Id. (citing Esparaza v. State, 595 So.2d 418, 426 (Miss.1992)). “We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” McClain, 625 So.2d at 778 (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987)).
¶ 9. Here, ample evidence was offered by the City in support of McDonald’s DUI conviction. The police officer who responded to the scene testified that he found McDonald slumped over the steering wheel with the motor running and had to beat on McDonald’s window several times before waking him. The officer further testified that when McDonald finally woke up, he was disoriented and looked around as if he was lost. Similarly, the officer testified that he could smell a strong odor of alcohol emanating from McDonald and that when McDonald attempted to exit his car, he had to support him because McDonald staggered and almost fell. The officer additionally testified that McDonald was swaying badly, was very incoherent, and did not know his whereabouts. McDonald also admitted, according to Officer Perkins, that he had consumed three beers.
*777 ¶ 10. Although McDonald argues that he was not intoxicated but had a reaction to medication that he was taking, we emphasize that in a non-jury trial, “[a] [judge] sits as a fact-fínder and in resolving factual disputes, is the sole judge of the credibility of witnesses.” Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994) (citing West v. Brewer, 579 So.2d 1261, 1263-64 (Miss.1991)). Here, the judge, as the trier of fact, was presented with conflicting testimony. He was in the best position to assess the credibility of the witnesses and the weight to be given their testimony.
¶ 11. We find that substantial evidence exists in the record to support McDonald’s conviction. Accepting the evidence in the light most favorable to the City, the trial judge was justified in finding McDonald guilty. We will now address the City’s assignment of errors on cross-appeal.

Possession of Open Container/Improper Stop Charges

¶ 12. On cross-appeal, the City argues that it offered sufficient evidence that McDonald was in possession of an open container of beer and that the law does not require that the beer container be offered into evidence or that there be laboratory confirmation of its alcoholic content. The City also argues that the ticket written by the arresting officer sufficiently charged McDonald with improper stopping on a highway in violation of Mississippi Code Annotated section 63-3-903 (Rev.2004).
¶ 13. At the conclusion of the City’s case and again at the conclusion of the defense’s case, McDonald moved for a dismissal of the open container charge on the basis that the City had failed to prove its case against him because it failed to prove that he was in possession of a can of beer at the time of his arrest. McDonald also moved for a dismissal of the improper stop charge on the basis that the City failed to provide sufficient evidence that he had improperly stopped. The trial judge agreed and dismissed both charges. However, after dismissing the improper-stop charge, the trial judge remarked, “I’m not sure that’s a proper charge in any event.” Apparently, the City takes this remark to mean that the trial judge was finding that McDonald had not been properly charged with improper stopping because the charge was made by giving McDonald a ticket which only referenced the code section allegedly violated without describing the acts constituting the violation.
¶ 14. We cannot know what the trial judge meant since there is no explanation of the remark in the record. Nevertheless, we agree with the City that the traffic ticket given to McDonald was legally sufficient to charge him "with improper stopping inasmuch as it referenced the statute which was allegedly violated. However, we affirm the dismissal of the improper stopping charge because it would be a violation of McDonald’s constitutional rights to retry him on this charge. Moreover, the basis for the trial judge’s dismissal of the improper stopping charge is not clear in the record. What is clear is that he dismissed the charge prior to making the comment about his not being sure the charge was proper. His dismissal can only be construed as a dismissal on the merits. As to the dismissal of the open-container charge, it is clear in the record that the dismissal was on the merits.
¶ 15. Article 3 Section 22 of the Mississippi Constitution, the State’s double jeopardy statute, provides:
No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.
*778 “Under the plain wording of [the statute], in order for this state’s Double Jeopardy clause to apply[,] the accused must first suffer an actual acquittal or conviction on the merits of the offense.” State v. Fleming, 726 So.2d 113, 115(¶9) (Miss.1998). “Then, and only then, will a second prosecution for that same offense be barred.” Id.
¶ 16. The dismissal of the open-container and improper stop charges against McDonald was, in effect, an acquittal of the charges for which he was being tried. A reversal of his acquittal by this Court for a second trial would violate McDonald’s constitutional right to protection from double jeopardy. Therefore, we affirm the trial court on all issues.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF DISMISSAL OF THE CHARGES OF IMPROPER STOPPING AND POSSESSION OF AN OPEN CONTAINER AND CONVICTION OF THE CHARGE OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF TWO DAYS’ INCARCERATION IN THE MONROE COUNTY JAIL, WITH SENTENCE SUSPENDED, 180 DAYS OF UNSUPERVISED PROBATION, AND PAYMENT OF $1,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. On cross-examination, when asked how far out McDonald's vehicle was in the highway, the officer testified that McDonald was not across the whole lane, but was in the first lane of the four lane highway. He stated that other cars had to go into the second lane to go around McDonald.