LEE, P.J.,
 

 for the court.
 

 PROCEDURAL HISTORY AND FACTS
 

 ¶ 1. Armatha Bonner, Johnnie M. Bonner Simmons, Bennie L. Bonner (Bennie), Dollie M. Bonner Simpson, Jimmy L. Bonner, Yvonne Bonner, Levoner Bonner, Yo-nia Bonner, Leon Bonner (Leon), Lonnie Bonner (Lonnie), Levester Bonner, Juanita Bonner Jones, and Drucilla Bonner (“the Bonners”) originally filed suit in the Wayne County Chancery Court alleging that Arletha Nelson had trespassed upon their property by moving a mobile home onto their land. Nelson, along with her brothers Mack Arthur Gandy and Bobby Joe Gandy (Nelson and the Gandys will collectively be referred to as “the Gan-dys”),
 
 [1]
 
 filed a counterclaim for adverse possession. The chancellor denied the Gandys’ claim for adverse possession. The Gandys appealed to this Court, and we reversed and remanded.
 
 See Nelson v. Bonner,
 
 829 So.2d 700 (Miss.Ct.App.2002)
 
 (Nelson I).
 
 We found that the chancellor failed to consider certain evidence relating to the Gandys’ adverse possession claim.
 
 Id.
 
 at 704(¶ 14). The evidence included testimony from the Gandys concerning their possession of the disputed land, which commenced in 1941.
 
 Id.
 
 Our opinion noted that the Bonners did not offer any evidence concerning the period of possession from 1941 through 1977.
 
 Id.
 
 at 706(¶ 21). We further noted that the Gan-dys had failed to present a survey and legal description of the tract of land on which Nelson’s mobile home sat, including the surrounding areas that they claimed to have adversely possessed.
 
 Id.
 
 at 706(¶ 22).
 

 ¶ 2. Following remand, the Bonners filed a motion to amend their complaint, asserting in the alternative that they had acquired the property by adverse possession. The Gandys agreed to the Bonners’ motion to amend their complaint, and an agreed order granting the motion was entered on February 25, 2003. Another trial on the matter was held on October 21, 2005. The chancellor limited the testimony to whether the Gandys adversely possessed the property from 1941 and whether the Bon-ners adversely possessed the property back from the Gandys. In order to make his decision, the chancellor noted that he viewed the subject property, reviewed the transcript from the first trial, conducted a supplemental hearing, reviewed the surveys provided by both parties, and reviewed this Court’s opinion. The chancellor found the following:
 

 It is undisputed, as shown both in the remand order, as well as the testimony presented, that the Bonners were not the titleholders to that portion shown on Exhibit 2 as lying north of the quarter section line being a triangle, approximately 59.12 feet from the corner of the quarter section to the public road, and being approximately 165 feet east of the corner of the 1/4 section and running along said road to complete the triangle. The Bonners, however, are recordhold-ers to the property upon which the mobile home in question is situated. The Court ... is satisfied that no adverse possession occurred prior to 1977 on the triangle in question. However, likewise, the Court is satisfied there has been no adverse possession for a period of ten years on the property upon which the mobile home is located. The Court is satisfied [that] the occupation by Ms.
 
 *883
 
 Nelson did not begin until 1996 upon the moving of the mobile home in question, and therefore said land was not adversely possessed by the [Gandys.] The Court is further satisfied that because the Court of Appeals found that there was no evidence contradicting possession from 1941 to 1977 and there was conflicting testimony that the Bonners, likewise, have not adversely possessed that triangle that was previously described and which is shown on Exhibit 2 as parcel 2A. However, the Court is satisfied that the parcel shown as 2B being that property north of the public road has, in fact, been adversely possessed by the [Gandys].
 

 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that parcel 2A and parcel 2B are confirmed in the [Gandys], and that all other property properly before this Court in Exhibit 2 is properly confirmed, title quieted in the Bonners. The [Gandys] shall have 60 days from the date of this order from which to remove the mobile home situated on this property.
 

 ¶ 3. The Gandys now appeal, asserting that the chancellor erred by failing to follow the decision of the Court of Appeals on remand. The Bonners filed a cross-appeal, asserting that the chancellor erred in awarding parcel 2A and parcel 2B to the Gandys. Finding error, we affirm in part and reverse and render in part.
 

 STANDARD OF REVIEW
 

 ¶4. Absent an abuse of discretion, this Court will not reverse the decision of the chancellor.
 
 Martin v. Coop,
 
 693 So.2d 912, 914 (Miss.1997). “This Court will not disturb the factual findings of the chancellor unless said factual findings are manifestly wrong or clearly erroneous.”
 
 Id.
 
 (citing
 
 McAdory v. McAdory,
 
 608 So.2d 695, 699 (Miss.1992)).
 

 DISCUSSION
 

 I. THE GANDYS’APPEAL
 

 ¶ 5. The Gandys’ sole argument on appeal is that the chancellor erred by failing to follow the decision of the Court of Appeals on remand. It is well settled that trial courts are bound on remand by mandates issued by an appellate court.
 
 Dunn v. Dunn,
 
 695 So.2d 1152, 1155 (Miss.1997). Furthermore, “[w]here [an appellate court] has already decided a specific issue in a case on a prior appeal, the trial court has been found to be in error where, on remand, it has refused to follow [the appellate court’s] opinion and directions.”
 
 Id.
 

 ¶ 6. The Gandys argue that the sole reason this Court reversed was for the chancellor to consider the evidence presented establishing their occupancy of the land from 1941 through 1977. The Gandys would have this Court reverse and remand for yet another hearing so the chancellor can consider only the record from the original trial. Although our opinion in
 
 Nelson I
 
 clearly states that the chancellor should consider the evidence regarding possession commencing in 1941, our opinion does not decide a specific issue. We noted that “[h]ad [the chancellor] [considered the evidence] he may or [may] not have found the evidence sufficient.”
 
 Nelson,
 
 829 So.2d at 706(¶ 21). We reversed for the chancellor to consider the evidence and determine if the Gandys successfully established adverse possession of the land on which Nelson’s mobile home sat.
 
 Id.
 
 at 706(¶ 22). Although this Court remanded for a new hearing, this Court did not decide the primary and controlling issue of the lower case. Thus, this issue is without merit.
 

 II. THE BONNERS’ CROSS-APPEAL
 

 ¶ 7. In their cross-appeal, the Bonners argue that the chancellor erred in
 
 *884
 
 not awarding them title to parcel 2A and parcel 2B by adverse possession. Parcel 2A is a triangular-shaped parcel situated directly north of the north property line of the Bonners’ property. Parcel 2B is a sliver of property bordered on the north by the Bonners’ north property line and on the south by Horseshoe Loop Road.
 
 [2]
 
 According to the Gandys’ 2003 survey conducted by Charles Dwayne Sharp, the Gandys’ property encompasses parcels 2A and 2B. Adverse possession is statutory in Mississippi. Mississippi Code Annotated section 15-1-13(1) (Rev.2003) provides, in pertinent part, as follows:
 

 Ten (10) years’ actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title....
 

 To establish a claim of adverse possession, the Bonners must show by clear and convincing evidence that their possession was: “(1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful.”
 
 West v. Brewer,
 
 579 So.2d 1261, 1262 (Miss.1991) (quoting
 
 Stallings v. Bailey,
 
 558 So.2d 858, 860 (Miss.1990)).
 

 ¶ 8. In regard to parcel 2A, the chancellor determined that there was insufficient evidence to support the Bonners’ adverse possession claim. The chancellor relied upon the testimony from the first trial and our decision in
 
 Nelson I
 
 in which we found that the testimony presented by the Gan-dys regarding their possession for the period of time between 1941 and 1977 was un-refuted by the Bonners.
 
 Nelson,
 
 829 So.2d at 706(¶ 20). However, our opinion noted that the evidence presented by the Gandys was not overwhelming in support of their position.
 
 Id.
 
 at 706(¶ 19). Although the chancellor did not make specific findings of fact, we will assume that the chancellor made determinations of fact sufficient to support his judgment.
 
 Pace v. Owens,
 
 511 So.2d 489, 492 (Miss.1987).
 

 ¶ 9. In this case, the testimony presented by the Bonners in regard to parcel 2A merely established that at some point a fence ran along Horseshoe Loop Road, the road which the Bonners claim borders the north boundary of their property, including parcel 2A and 2B. Lonnie claimed that between 1970 and 1977 he worked for their predecessor in title, Ollie Sterling. Bennie, Lonnie’s father, bought the property from Sterling in 1977. Lonnie testified that they subsequently cut timber from the property. Both Lonnie and Leon, Lonnie’s brother, moved their mobile homes onto the land. Leon moved his mobile home onto the land in 1981, and the home was located near the area where Nelson placed her mobile home in 1996. Lonnie’s mobile home was moved onto the land in 1983 and located further east of his brother’s home. The testimony presented by Lonnie, Leon, and their two witnesses established the Bonners’ ownership of the area near Nelson’s mobile home, but there was no clear and convincing evidence that parcel 2A was adversely possessed by the Bonners.
 

 ¶ 10. In regard to parcel 2B, the chancellor stated that “the Court is satisfied that the parcel shown as 2B ... has, in fact, been adversely possessed by the
 
 *885
 
 [Gandys.]” However, in their appeal, the Bonners argue that they had adversely possessed parcel 2B even though they hold title to parcel 2B. Regardless, the evidence regarding this sliver of property is sparse. A majority of the testimony concerns the triangular area and the area where Nelson’s mobile home sits. There is no specific testimony regarding the Gandys’ attempt to adversely possess parcel 2B. Therefore, we reverse this determination by the chancellor and render judgment to reflect that the Bonners are the record titleholders to parcel 2B.
 

 ¶11. THE JUDGMENT OF THE WAYNE COUNTY CHANCERY COURT IS AFFIRMED ON DIRECT APPEAL AND REVERSED AND RENDERED ON CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANTS/CROSS-APPELLEES AND APPELLEES/CROSS-APPELLANTS.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
 

 [1]
 

 . According to the record, the Gandys own the land north of and adjacent to the Bonners' north property line. The record includes a 2003 survey of the Gandys’ land, which includes the disputed property.
 

 [2]
 

 . Although the Bonners hold title to parcel 2B, they are contending that if the Gandys prove adverse possession of this property, then they have adversely possessed the property back from the Gandys.