PIERCE, Justice,
concurring in part and in result.
¶ 57. I concur in part and in result with the majority’s opinion. However, I write separately to express my reasoning for only concurring in part. Because I believe the majority opinion crosses into the realm of the chancery judge by finding certain facts, I concur only in part.
¶ 58. I agree with the majority that we must reverse and remand on the issue of child support, as the trial court failed to detail why he deviated from the statutory guidelines. I also concur with the majority on its findings concerning child custody although for slightly different reasons. However, I concur in part and in result on the issues of alimony and property division, but I too would reverse and remand for a proper analysis by the chancellor using the Ferguson and Armstrong factors.
*297 ¶ 59. A chancellor sits as a fact-finder in resolving factual disputes, and is the sole judge of the credibility of witnesses. West v. Brewer, 579 So.2d 1261, 1263-64 (Miss.1991); Rice Researchers, Inc. v. Hitar, 512 So.2d 1259, 1265 (Miss.1987); Polk v. Polk, 559 So.2d 1048, 1049 (Miss.1990). On appeal, this Court is required to follow the “substantial evidence/manifest error” standard of review. West, 579 So.2d at 1264, quoting Stallings v. Bailey, 558 So.2d 858, 861 (Miss.1990). This Court does not sit to redetermine questions of fact. Johnson v. Black, 469 So.2d 88, 90 (Miss.1985). Further, we will not disturb a chancellor’s findings of fact when supported by substantial evidence unless an erroneous legal standard has been applied or is manifestly wrong. Westbrook v. Oglesbee, 606 So.2d 1142, 1145 (Miss.1992); Phillips v. Phillips, 555 So.2d 698, 701 (Miss.1989). Finally, when substantial evidence supports the chancellor’s findings, we will not disturb his conclusions, notwithstanding that we might have found otherwise as an original matter. Jim Murphy & Assocs., Inc. v. LeBleu, 511 So.2d 886, 894 (Miss.1987), aff'd 557 So.2d 526 (Miss.1990).
¶ 60. This case has experienced a tumultuous ride through the judicial system. I believe the Court of Appeals erred when it affirmed the divorce in its 2005 decision while, at the same time, reversing and remanding certain issues, finding that Cynthia had been overreached, and that the property settlement was inadequate and unfair. I believe, if indeed Cynthia had been overreached, the entire judgment of divorce should have been set aside and not just portions thereof. See Lauro v. Lauro, 847 So.2d 843, 849 (Miss.2003).
¶ 61. Nevertheless, I agree with the majority that physical custody was properly awarded to Perrin. I also agree that the record is lacking in adequate evidence and reasoning as to why joint legal custody was awarded. The Legislature has defined legal custody as “the decision-making rights, the responsibilities and the authority relating to the health, education and welfare of a child.” Miss.Code Ann. § 93-5 — 24(5)(d) (Rev.2004). Joint legal custody requires the parents to “share the decision-making rights, the responsibilities and the authority relating to the health, education and welfare of a child.” Miss.Code Ann. § 93-5-24(5)(e) (Rev.2004). Where the chancellor awards joint legal custody, the parents are obligated “to exchange information concerning the health, education and welfare of the minor child, and to confer with one another in the exercise of decision-making rights, responsibilities and authority.” Id.
¶ 62. Where child custody is being disputed, the chancellor’s findings will not be reversed unless manifestly wrong, clearly erroneous, or the proper legal standard was not applied. Hensarling v. Hensarling, 824 So.2d 583, 587 (Miss.2002). However, under the precise facts of the case sub judice, it is apparent that the decision of the chancellor was clearly erroneous regarding his ruling on legal custody.
¶ 63. There are times when an Albright analysis is conducted and the findings will be split or very close between the two parties. In many cases, there are two deserving parents desiring custody of their children. Where custody is awarded to one parent between two deserving parents, it is not reversible error to award joint legal custody. However, in this matter, there is no question as to whom the Al-bright analysis favors. There is little or no reason why joint legal custody was awarded, as the children will spend most, if not all, of their time with their father. It would make little sense that a parent with little or no contact with her children could make decisions in their best interest. *298 Therefore, Cynthia should not be vested with the “decision-making rights, the responsibilities and the authority relating to the health, education and welfare of a child.” See Miss. Code Ann. § 93-5-24(5)(e) (Rev.2004). I believe it was error to award joint legal custody to both parents under the very specific facts of this case.
¶ 64. As for the property division and alimony, I will not restate the facts that were detailed in the majority’s lengthy opinion, nor include a detailed citation to the applicable law. When reviewing the record herein, I agree with the majority that the trial court did not accomplish a detailed Ferguson or Armstrong analysis which would afford this Court the opportunity to properly analyze this case pursuant this Court’s appropriate standard of review. However, I would stop there. In my view, the majority’s lengthy opinion at times determines the credibility of witnesses and impermissibly takes on the role of the fact-finder. As an appellate court dealing with a reversal of a chancellor for failure to apply a proper Ferguson or Armstrong analysis, we cannot substitute our judgment for his and therefore, must remand to the chancellor for a proper analysis.
¶ 65. I would reverse this case on all property and alimony issues and remand this matter to the chancellor below for a proper Ferguson and Armstrong analysis. I would also reverse and render on the issue of legal custody, and reverse and remand on the issue of child support.