## HUNTER *v.* LAKE MOR-RI-LO, INC.

No. 39611 May 9, 1955 79 So. 2d 836

*Ross A. Collins, Nate S. Williamson,* Meridian, for appellant.

*Witherspoon & Bourdeaux,* Meridian, for appellee.

**HOLMES, J.**

The appellee filed its original bill against the appellant in the Chancery Court of Lauderdale County seeking injunctive relief and the recovery of damages. The bill alleged that the appellee owned property consisting of approximately 148 acres of land in Lauderdale County; that a private road or driveway commences at the southeast corner of said property where the same joins the old Marion road and runs northerly to said property, providing access thereto; that said road or driveway is located almost wholly within the east 231 feet of appellee's said property; that in order to protect its said property from trespassers and intruders, the appellee erected across said road, at approximately midway thereof, a wooden gate of substantial construction, secured by a chain and lock; that the appellant, claiming to be the owner of an interest in Lot 84 of the Meridale Gardens Survey, cornering on said road, wilfully and maliciously broke said gate and continues to trespass upon the property of the appellee by driving over said road against the will and over the protests of appellee; that as a result of appellant's willful and wrongful act in breaking said gate, the appellee sustained damages in the sum of $50.00. The bill prayed an injunction enjoining the appellant from further interference with said gate and further prayed recovery of the appellant of the aforesaid damages in the sum of $50.00.

The appellant answered, denying the material allegations of the bill, averring that the road in question was

a public road, and that the erection of the gate across the same by the appellee constituted an unlawful and wrongful obstruction thereof, and that the appellant had the right to remove the same. The appellant made his answer a cross-bill, seeking an injunction against the appellee enjoining it from further interference with him in the use and enjoyment of said road. The appellee answered the cross-bill, denying the material allegations thereof.

Upon the conclusion of the evidence, the chancellor rendered an opinion setting forth his findings of fact and his conclusions of law, and based thereon, he entered a decree granting the prayer of the original bill, except as to the demand for damages, as to which there was no proof, and dismissing the cross-bill of the appellant. From this decree, the appellant appeals.

The parties derived their title to their respective properties through separate sources, and their title and the sources through which they claim are not in dispute.

The property of the appellee was conveyed by W. H. Lyon and wife to W. C. and G. M. Ethridge by deed dated September 14, 1903. A few years later, G. M. Ethridge conveyed his interest in the property to W. C. Ethridge, who continued to own the same until his death which occurred some ten or twelve years prior to the date of the trial of this cause. After his death, and in about the year 1946, his daughter, Mrs. Eula C. Kelly, and her husband, Henry J. Kelly, purchased the property from the other heirs of W. C. Ethridge. The Kellys conveyed the property to E. A. Morrison and others by deed dated May 2, 1951, and E. A. Morrison and others conveyed the property to Lake Mor-Ri-Lo, Inc., in December, 1952.

The appellant acquired his property interest by deed from Frank L. Jacobs and wife to I. E. Hunter and George C. Hunter, dated November 18, 1950. The property so conveyed to I. E. and George C. Hunter by Frank L. Jacobs and wife was acquired by the said Frank L.

Jacobs about the year 1940 through a commissioner's sale, whereby he acquired a part of the property of the Herrington Estate comprising about 211 acres, which he later subdivided into the Meridale Gardens.

The issue presented under the pleadings and proof was whether the road in question was a private or a public road. The testimony on this issue was voluminous, and in conflict, and it would unduly prolong this opinion to undertake to relate the testimony for the respective parties.

██ ■ The chancellor found from the evidence that the road in question was established as a private road by W. C. Ethridge in about the year 1906; that he and his successors in title worked and maintained the same as a private road; that there was no proof that the public used the road openly, notoriously, and continuously under a claim of right; that while there was evidence that some employees of the county worked the road at times, there was no proof that such work was authorized or that the board of supervisors had ever assumed supervision over the road, or that it was worked at public expense and by the duly constituted authorities of the county. ■ The findings of the chancellor are amply supported by the proof. We must, therefore, accept as true the facts as found by the chancellor. These facts render untenable the contention of the appellant that the right of the public to use the road in question was established by prescription. ■ It has been well settled under the decisions of this Court that it is the right of all persons to travel upon a road and not merely their traveling upon it that makes it a public road. In the case of Gulf and S. I. R. Co. v. Adkinson, 117 Miss. 118, 77 So. 954, the Court said:

"A highway is a road or way upon which all persons have the right to travel at pleasure. It is the right of all persons to travel upon a road, and not merely their traveling upon it, that makes it a public road or highway. This right may be acquired in various ways,

one of which is by prescription; but in order for it to be so acquired, the road must be habitually used by the public in general for a period of ten years; and such user must be accompanied by evidence, other than mere travel thereon, of a claim by the public of the right so to do. The only evidence of such claim here is that the road was formerly worked by the public road hands of that vicinity, but when, for how long a period, and by what authority, does not appear, so that it is of no value. For aught that appears to the contrary, the travel over the road is by the sufferance or permission of the owners of the land over which it passes. Warren County v. Mastronardi, 76 Miss. 273, 24 So. 199; Burnley v. Mullins, 86 Miss. 441, 38 So. 635; Wills v. Reed, 86 Miss. 446, 38 So. 793.''

Further, in the case of Armstrong, et al. v. Itawamba County, 195 Miss. 802, 16 So. 2d 752, the Court said: '' . . . the property of the citizen and freeholder should not be lost to him without clear proof that knowledge has been brought to his attention that the user of the traveled route is under such circumstances as to be adverse to his right to later interfere, particularly so where there has been no conveyance or dedication of the right of way by deed or when there is no record evidence of its having been appropriated for public use by constitutional and statutory procedure.''

We are accordingly of the opinion, under the facts as found by the chancellor, that there was never any dedication to the public of the road in question, nor was there any acceptance by the public of the road under a claim of right to use the same, and that the chancellor was correct in so holding.

We are further of the opinion that the facts of this case establish no right in the appellant to use the road as a way of necessity. The appellant does not claim as a purchaser from the appellee of land surrounded by other lands of the appellee. Bonelli v. Blakemore, 66

Miss. 136, 5 So. 228; Wills v. Reed, 86 Miss. 446, 38 So. 793.

The decree of the learned chancellor is affirmed. Affirmed.

*McGehee, C. J.,* and *Roberds, Hall,* and *Kyle, JJ.,* concur.