611 So.2d 969 (1992)
Billy Ray MYERS
v.
George E. BLAIR, Wayne Mullins as a Member of the Board of Supervisors of Lawrence County, Ms and the Board of Supervisors of Lawrence County, Ms.
No. 89-CA-0896.
Supreme Court of Mississippi.
December 31, 1992.
Vaughn Davis, Davis & Rogers, Jackson, Paul E. Rogers, Davis & Rogers, Jackson, for appellant.
Francis M. Vining, Monticello, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and BANKS, JJ.
PITTMAN, Justice, for the Court:
This is an appeal from final judgment of the Chancery Court of Lawrence County, J.W. Walker, Chancellor, presiding, which ruled that Lawrence County acquired a public road across private property by prescription.[1] Within the appropriate limits of *970 our scope of review, we conclude Chancellor Walker erred and reverse and render judgment confirming the title of Billy Ray Myers to the road and removing the cloud of the claims of public and private road easements.

I.
In 1980, Billy Ray Myers acquired the undivided ownership of an 8.66 acre tract of land in the Grange community of Lawrence County, Mississippi. His mother and father lived on the land from 1909 until 1967, the year of his father's death. There was a road crossing the property approximately 335 feet in length with a varying width not wider than 12 feet at its widest point. "The Road" (for reference) is not shown to be a public road by any documentary evidence introduced at trial. The Chancellor concluded it public on the following reasoning: "[T]hat the easement in favor of Lawrence County was acquired by prescription through adverse use, continuously, for a period of more than ten years, by maintenance of said road at public expense, and by unrestricted use by the general public, without objection by the plaintiff or his predecessors in title." The families that had, at one time, used the road had long since moved from the land and the house had been torn down. "The Road" was used only occasionally by a hunting club. Myers discussed putting up a fence and a gate and giving the three adjoining landowners keys for access, however, this was never done. In 1986, following the sale of a one acre house site to Randall A. Barnett and wife, Velda D. Barnett, Supervisor Wayne Mullins directed county employees, equipment and materials to grade, widen and gravel "The Road." Mullins thought the road was public and acknowledged that he directed the work in order to accommodate the Barnetts who were building a house. News that a "highway" had been put across his land reached Myers at his home in Jackson. His investigation revealed that some of his trees had been cut, others pushed up, and that the road had been constructed much wider than it had ever been in the past. Myers learned, for the first time, that Mullins thought the road was public. The local water district had begun placing a water line down the road but stopped and relocated the water line when it determined there was no public record declaring the road public. Myers sought counsel and filed this suit claiming the recent county road maintenance was a cloud on his title and alleged that the county, George Blair and the Barnetts were trespassing when they used the road. Only Lawrence County and George Blair defended. Following a piecemeal trial, Chancellor Walker concluded the road was public by a final judgment entered just before his term as Chancellor ended. However, the record supports the Chancellor's conclusion that Myers failed to prove damages.
The testimony of the former and present supervisors and their employees was in conflict. Some concluded the road private; others stated it was public. Little, if any, maintenance was done by the county on the road prior to 1986. Roy May, district supervisor for the twenty year period between 1964 and 1984, testified the road was private and its use by others outside the Myers family was by permission. There is no documentary evidence to show that "The Road" is a public road. Without contradiction, "The Road" was never used by the county school bus to pick up school children nor was it used by mail carriers to deliver the mail. Users went to the state aid road for the bus and their mail. Only the newly built Barnett house was on the road at the time of the trial. Supervisor May testified that he refused to maintain the road or supply gravel to fill the mud hole at the road's entrance based upon an Attorney General's opinion: "They [Attorney General] told me that a road had to go from and to some other road, connected. If it went to a man's property down there that was a private drive. It [the road] didn't meet the qualifications for a public *971 road... . It went only to that old house place." May further testified that he assumed a prior supervisor built cattle gaps at the Myers' property line on the road and worked the road some. On cross-examination, May acknowledged while a supervisor he put two loads of gravel on the private road. May stated that he kept a written ledger which showed where county employees worked in his district and that it contained no entry showing work on "The Road."
The county tax appraiser and mapper concluded that the county tax appraisal map showed the road in "dashed lines" indicating it was either an "abandoned road, field road or driveway."
Present Supervisor Wayne Mullins took office in 1984 but had worked for Supervisor May before then. He testified that he worked the road as an employee before he became supervisor. He concluded the road was public and admitted directing the 1986 work on the road when the Barnetts started building their house.

II.
Our scope of review of a chancellor's findings of fact is "that the findings of fact as there determined shall not be reversed unless clearly shown to be erroneous. It has therefore been the uniform rule that the [c]hancellor's findings on the facts is reviewable on appeal only when manifestly wrong." Griffith, Mississippi Chancery Practice, § 674 (2nd ed. 1950). The rationale for this rule is based upon the firsthand knowledge the chancellor acquired from seeing the witnesses and hearing their sworn testimony. It is argued that the chancellor is thus better qualified to arrive at correct factual findings and conclusions than an appellate court reviewing only a dry record of the proceedings. Id. at § 674. However, "when presented with what is essentially a question of law, the familiar manifest error/substantial evidence rules have no application to the appellate review of such questions. The principle of `manifest error' applies only to a factual situation. This rule does not apply on questions of law. With regard to a pure question of law, the Supreme Court shall conduct a de novo review." Warner, Warner's Griffith Mississippi Chancery Practice, § 674 (1991).

III.
The county claims the road public by prescription and, therefore, has the burden of proving, as does an individual claimant, that the use is:
(1) open, notorious and visible;
(2) hostile;
(3) under claim of ownership;
(4) exclusive;
(5) peaceful; and
(6) continuous and uninterrupted for ten years.
Dethlefs v. Beau Maison Development Corporation, 511 So.2d 112 (Miss. 1987); Roy v. Kayser, 501 So.2d 1110, 1111 (Miss. 1987); Miss. Code Ann. § 15-1-13 (1972). However, use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription since adverse use is lacking. Since "The Road" is not shown to be a dedicated public road under the statutes and therefore under the supervision and control of the Board of Supervisors, "the road must be habitually used by the public in general for a period of ten years; and such use must be accompanied by evidence, other than mere travel thereon, of a claim by the public of the right so to do." Brooks v. Sanders, 243 Miss. 46, 137 So.2d 174, 175 (Miss. 1962). "The owner must know of and acquiesce in the adverse claim, or the use must be so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." McIntyre v. Harvey, 158 Miss. 16, 128 So. 572, 573 (1930). The early decision of this Court in Gulf & S.I.R. Co. v. Adkinson, 117 Miss. 118, 77 So. 954, 955 (1918) is often cited and helpful here:
A highway is a road or way upon which all persons have the right to travel at pleasure. It is the right of all persons to travel upon a road, and not merely their traveling upon it, that makes it a public road or highway. This right may be acquired in various ways, one of which is *972 by prescription; but in order for it to be so acquired, the road must be habitually used by the public in general for a period of ten years; and such user must be accompanied by evidence, other than mere travel thereon, of a claim by the public of the right so to do. The only evidence of such claim here is that the road was formerly worked by the public road hands of that vicinity, but when, for how long a period, and by what authority, does not appear, so that it is of no value. For aught that appears to the contrary, the travel over the road is by the sufferance or permission of the owners of the land over which it passes. [citations omitted]
We held in Hunter v. Lake Mor-Ri-Lo, Inc., 224 Miss. 220, 79 So.2d 836, 838 (1955) that where
there was no proof that the public used the road openly, notoriously, and continuously under a claim of right; that while there was evidence that some employees of the county worked the road at times, there was no proof that such work was authorized or that the board of supervisors had ever assumed supervision over the road, or that it was worked at public expense and by the duly constituted authorities of the county.
There is no record in this case of any official action taken by the board of supervisors to make "The Road" public. In Noxubee County v. Long, 141 Miss. 72, 106 So. 83, 86 (1925), this Court stated:
[W]e held that a board of supervisors can only act as a body through its minutes; that its minutes are the exclusive evidence of what the board did; and that parol evidence is not admissible to show what action the board took.
In Armstrong v. Itawamba County, 195 Miss. 802, 16 So.2d 752, 755 (1944), the majority ruled the road in question public by prescription, however, these facts, not present in this case, were singled out as determinative by the Court:
The proof discloses without substantial dispute that the supervisor of the district caused the road contractor therein, and such others as were employed to maintain the public roads in said district, to grade this road with the road machinery and equipment thereof, and to work and maintain the same for the use of the traveling public generally and at the expense of the road fund of the district, paid by county warrants issued thereon by allowance of the entire board of supervisors, from the year 1924 until 1941, without objection on the part of the landowners... .
Chief Justice Smith, dissenting, underscores that boards of supervisors can only speak through their minutes:
[S]uch Boards can speak only through their minutes, consequently, the designation of land as a public road must appear, if at all, from an order therefor on the minutes of the Board. After this order has been entered the County may acquire the right to use the land as a public road (1) by condemnation thereof as provided in the governing statutes, (2) by purchase or gift from the owner of the land, and (3) by adverse user of the land as a public road in the required manner continuously for more than ten years.
* * * * * *
It is to be presumed that, if a road is necessary for the public convenience to be established as a public one, the Board of Police will perform their duty, and take the proper steps to constitute it a public road, under the sanctions of the law; and if there be no such declaration by that body, the road, though open to public use, could be considered in law but a private road.
Id. 16 So.2d at 758-59.
Chief Justice Smith further points out "that no road shall come under the jurisdiction of such a Board and impose upon it the duty to maintain and repair it without its consent, which consent, of course, must be evidenced by an order on the Board's minutes." Id. at 759.
In Martin v. Newell, 198 Miss. 809, 815, 23 So.2d 796 (1945), the Court stated: "We have passed on this question repeatedly, saying the minutes of the board of supervisors are the exclusive evidence of what the board did."
*973 At the trial of this case individual supervisors, past and present, were permitted to testify the road was private or public, however, no board minutes were offered in evidence. In Smith v. Board of Supervisors of Tallahatchie County, 124 Miss. 36, 41, 86 So. 707 (1920), the Court concluded:
We also think it was error for the court to permit individual members of the board of supervisors to testify what the board did, and what the board understood, and what the board had authorized to be done in the premises. A board of supervisors can act only as a body, and its act must be evidenced by an entry on its minutes. The minutes of the board of supervisors are the sole and exclusive evidence of what the board did. The individuals composing the board cannot act for the county, nor officially in reference to the county's business, except as authorized by law, and the minutes of the board of supervisors must be the repository and the evidence of their official acts.
Miss. Code Ann. § 19-3-27 (1972); Miss. Code Ann. § 65-7-121 (1972).

IV.
There is no proof of any public use under a claim of right for the requisite ten year prescription period. Accordingly, the chancellor committed manifest error by concluding there was a public easement by prescription. The grant of private easement to strangers, not parties to the court proceeding, is not only manifestly erroneous but fundamentally wrong.
Judgment is entered removing the cloud of the public and private road easement and confirming title to the road in Billy Ray Myers.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, BANKS, McRAE and ROBERTS, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] Billy Ray Myers timely filed a motion for a new trial which was overruled by Chancellor Harris Sullivan. Within the discretion given the newly elected Chancellor, he ruled "that this cause was tried before the previous Chancellor, J.W. Walker, and this Chancellor, not having heard any of the evidence, finds that said motion should be overruled." Rule 63(b), Miss. R.Civ.P.