# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CT-00494-SCT

*GREGORY A. SHARP AND WIFE, VICKIE LYNN SHARP*

*v.*

*SHIRLEY DOUGLAS WHITE*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/08/1997 |
| TRIAL JUDGE: | HON. ROBERT L. LANCASTER |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | GEORGE C. McKEE |
| ATTORNEY FOR APPELLEE: | BEN F. HILBUN, JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 09/02/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 09/23/99 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Shirley Douglas White filed a complaint against Gregory A. and Vickie Lynn Sharp in the Chancery Court of Oktibbeha County alleging she had a prescriptive easement to access portions of her property via a road across the Sharps' property. The chancery court found that White had an easement by prescription and ordered the Sharps to pay damages in the amount of $2,450 plus all costs of court. A divided Court of Appeals affirmed the chancellor's judgment, and we granted the Sharps' petition for writ of certiorari. Because the decision of the Court of Appeals is in conflict with current Mississippi case law, we reverse the judgment of the Court of Appeals and the judgment of the trial court, and we render judgment here in favor of the Sharps.

## STATEMENT OF THE FACTS

¶2. Sometime around 1962, Leon Douglas purchased a tract of land in Oktibbeha County, Mississippi, adjoining property owned by J. B. Tenhet. Soon after Mr.

Douglas purchased his land, Mr. Tenhet suggested that the two work together to erect a levee to prevent flooding on the Tenhet property from a creek which also obstructed Mr. Douglas's access to some of his farmland. Under Mr. Tenhet's proposal, the two would also build a gravel road across the Tenhet property to give Mr. Douglas easier access to his farmland. According to the testimony of Willie Cooper, who worked for Mr. Douglas at the time, Mr. Douglas agreed to Mr. Tenhet's proposal, and the levee and gravel road were constructed and maintained by both men. This oral agreement continued in effect for thirty years, beyond the lifetimes of both Mr. Douglas and Mr. Tenhet.

¶3. Shirley Douglas White, Mr. Douglas's widow, inherited his property after his death. After Mr. Tenhet's death, his son, Richard Tenhet, and Richard's wife, Geraldine, sold Mr. Tenhet's property to Gregory and Vickie Sharp in 1992, on behalf of Mr. Tenhet's estate. Richard and Geraldine informed the Sharps of the intended use of the gravel road as access to Mrs. White's property before the sale, and Mr. Sharp informed them that he had no problem with it. Geraldine understood Mrs. White's access to be a prescriptive easement. Mr. Sharp understood Mrs. White's access to be a permissive use, which he allowed her and the farmers who leased her property to exercise until 1995.

¶4. In 1995, Mr. Sharp notified Mrs. White that he was no longer going to allow her access to the road. Mr. Sharp and Mrs. White eventually entered into a lease, allowing her to use the road for the 1996 farming season in exchange for nominal consideration. The lease expired on December 31, 1996, at which time Mr. Sharp offered to renew the lease if Mrs. White agreed, in part, to give him the option to purchase her property upon her death. Mrs. White did not accept Mr. Sharp's proposal, lost access to the road, and was therefore unable to rent forty-nine acres of her farmland for the 1997 farm season, at a loss of $2,450.

¶5. On February 14, 1997, Mrs. White filed a complaint against the Sharps in the Oktibbeha County Chancery Court, asking the court to award her damages and to confirm her right to use the road subject to an existing prescriptive easement. Following a trial, in a December 8, 1997, order, the trial court ruled that Mrs. White had a valid prescriptive easement and awarded her damages in the amount of $2,450 against the Sharps. Upon denial of their motion for a new trial, the Sharps appealed, and their case was assigned to the Court of Appeals, which affirmed the trial court's judgment on December 30, 1998.

## STATEMENT OF THE LAW

¶6. The Sharps argue that the opinion of the Court of Appeals "defrocked" the hostile element required to prove a prescriptive easement and, therefore, is in conflict with

***Myers v. Blair***, 611 So. 2d 969 (Miss. 1992) and ***Dethlefs v. Beau Maison Dev. Corp.***, 511 So. 2d 112 (Miss. 1987). They further argue that ***Rutland v. Stewart***, 630 So. 2d 996 (Miss. 1994), upon which the Court of Appeals relied, is distinguishable because, unlike the parties in this case, the parties in ***Rutland*** agreed to give equal land for the road for use by both.

¶7. In ***Myers v. Blair***, 611 So. 2d 969 (Miss. 1992), we stated:

> The county claims the road public by prescription and, therefore, has the burden of proving, as does an individual claimant, that the use is:
>
> (1) open, notorious and visible;
>
> (2) hostile;
>
> (3) under claim of ownership;
>
> (4) exclusive;
>
> (5) peaceful; and
>
> (6) continuous and uninterrupted for ten years.
>
> ***Dethlefs v. Beau Maison Development Corporation***, 511 So. 2d 112 (Miss. 1987); ***Roy v. Kayser***, 501 So. 2d 1110, 1111 (Miss. 1987); Miss. Code Ann. § 15-1-13 (1972). However, use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription since adverse use is lacking.

***Myers***, 611 So. 2d at 971.

¶8. In ***Dethlefs v. Beau Maison Dev. Corp.***, 511 So. 2d 112 (Miss. 1987), we stated:

> Acquisition of easement by prescription occurs when the use is not only adverse, hostile, and exclusive as to others, but it must also be peaceful, uninterrupted, and continuous, under claim of ownership. ***Berry v. Houston***, 195 So. 2d 515, 518 (Miss. 1967) (test for adverse possession). However, use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription, since adverse use, as distinguished from permissive use, is lacking. ***Patterson v. Harris***, 239 Miss. 774, 125 So. 2d 545 (1960).
>
> Whether a use is prescriptive or permissive is ordinarily a question of fact to be determined by the chancellor. *See, e.g.,* ***Patterson v. Harris****, supra;* ***Peterson v Corrubia***, 21 Ill. 2d 525, 173 N.E.2d 499 (1961).

*Dethlefs*, 511 So. 2d at 117.

¶9. The Court of Appeals majority relied upon ***Rutland v. Stewart***, 630 So. 2d 996, 999 (Miss. 1994), in which we stated that "[a]n easement claimed as a right and used continuously, openly, and for a period of ten years or more, is sufficient to establish a right by prescription equivalent to a deed conveying such right." However, in ***Rutland***, we went on to say, "[t]he only question before this Court is whether the ten years may be established by tacking together the years of continuous use of former property owners with those of subsequent property owners." ***Id.*** Based upon ***Rutland*** and Mr. Cooper's testimony regarding the oral agreement between Mr. Douglas and Mr. Tenhet, the use of their combined resources in constructing the road, and Mr. Douglas's open and continuous use of the road for thirty years, the Court of Appeals majority determined that the chancellor's finding of a prescriptive easement was supported by substantial evidence. This determination was wrong, because ***Rutland***'s previously quoted one-sentence reference to prescriptive easement was merely an introduction to the tacking issue and not a comprehensive statement of all elements of prescriptive easement. The Court of Appeals majority misread ***Rutland*** as a departure from the well-settled six elements required to prove a prescriptive easement.

¶10. As then Presiding Judge McMillin correctly pointed out in his dissent, joined by then Judge Southwick, the uncontradicted evidence here showed that use of the road was permissive and remained so until the Sharps informed White that she would no longer be allowed to use the easement. Mrs. White failed to show that the use was hostile, adverse, and under a claim of right or claim of ownership. Therefore, she failed to show three of the six elements required to prove her claim to a prescriptive easement. We therefore reverse the judgment of the Court of Appeals, reverse the trial court's judgment, and render judgment here in favor of the Sharps, finally dismissing Mrs. White's complaint and action with prejudice.

¶11. **REVERSED AND RENDERED.**

    **PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**