873 So.2d 1067 (2004)
J.L. MORAN and Wife, Judy Moran, Appellants,
v.
Billy SIMS, Appellee.
No. 2003-CA-00370-COA.
Court of Appeals of Mississippi.
May 18, 2004.
*1068 W. Terrell Stubbs, attorney for appellant.
Stanley Alex Sorey, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. The chancellor awarded Billy Sims a prescriptive easement across J.L. and Judy Moran's property. The Morans appeal, but we find no error and affirm.
¶ 2. Sims owns property surrounded on three sides by the Morans. His deed was recorded in 1985, but the property had been in his family for at least fifty years. Sims used the land to raise horses and cattle. He began construction of a home in 1991. The Morans purchased parcels to the north, east, and west of Sims in 1996. The access from the Sims property to a state highway had historically been on a driveway across the property now owned by the Morans.
*1069 ¶ 3. Sims filed a complaint in 1999 seeking an easement. The court sent the dispute to the Smith County Board of Supervisors so that it could lay out a private road. The parties could not agree on a proposal and the matter was returned to chancery court. A trial was held in 2002. Sims and other witnesses testified that the driveway had been used by Sims or his predecessors for at least the past fifty years. Moran did not appear at trial and presented no witnesses. Sims was found to have a prescriptive easement giving him access from the highway to his property.

DISCUSSION
1. Prescriptive easement
¶ 4. An easement may be acquired by ten years possession, just as may fee simple title. Rutland v. Stewart, 630 So.2d 996, 999 (Miss.1994). Prescription occurs if there is ten years of use that is open, notorious, and visible; hostile; under a claim of ownership; exclusive; peaceful; and continuous and uninterrupted. Myers v. Blair, 611 So.2d 969, 971 (Miss.1992). Permission from the record title owner will make the use permissive and not adverse. Id.
¶ 5. Moran argues on appeal that Sims never proved the negative, that is, never proved that Sims and his predecessors did not have permission to use his property. The elements for a prescriptive easement will be examined individually.
a. Open, notorious and visible
¶ 6. At trial, Sims testified that he had used the driveway running across Moran's property since he purchased the parcel in 1985. His family had used the driveway for at least the past fifty years. Among the testimony was from a school bus driver who testified that he had driven the bus down the driveway to pick up children in 1956-1957. When Moran purchased his property in 1996, the driveway and a house on Sims' land were both in existence. This was sufficient under this factor.
b. Hostile
¶ 7. Moran argues that Sims and his predecessors had implied permission to use the property. That allegedly is proved by the fact that the owners of the land across which the driveway ran never objected to his use. A prescriptive easement cannot originate from a permissive use of land because it would not be hostile. Sharp v. White, 749 So.2d 41, 42 (Miss. 1999). However, the absence of an objection is not the equivalent of consent.
¶ 8. Here, there was no evidence that Sims or his predecessors had permission to use the driveway. Consent may be inferred from evidence, but it will not be presumed in the absence of evidence. There is nothing in the record from which such an inference can be drawn. The Morans argue that the very obviousness of the use indicates that it must have been consensual. That is not so. If the use of an easement is inconsistent with the title of the servient estate owner, that is the needed hostility. Consent must be shown. Here it was not.
c. Claim of ownership
¶ 9. Sims presented testimony which showed a claim of ownership, including the fact that he purchased gravel for the driveway. There was testimony on that from the person whom Sims hired to deliver and spread the gravel. This element was properly established.
d. Exclusive
¶ 10. "Exclusive" use does not mean that no one else used the driveway. Exclusivity here means that the use was consistent with an exclusive claim to the right to use. There was evidence that the driveway was used by the Sims family and *1070 those whom they implicitly permitted to do so. The Sims' home was the only home located on the driveway.
e. Peaceful
¶ 11. Sims testified that there was no controversy concerning the driveway prior to Moran's purchase of property. There was no evidence of a dispute with prior owners. By the time that Moran complained, the period of prescription had long since run.
f. Continuous and uninterrupted for ten years
¶ 12. Sims recorded the deed to his property in 1985. His family had owned the property for at least fifty years before. During this time, the driveway had been in use. That is ten years, and more.
¶ 13. The elements of adverse possession were sufficiently proven.
2. Description of easement
¶ 14. Moran claims that the chancellor erred in granting Sims a prescriptive easement until an accurate description of the easement was determined. The testimony presented at trial established that the driveway ran across Moran's property from Highway 531 in more or less a straight line to the Sims property. The driveway is approximately 216 feet long and 30 feet wide. There is no factual dispute as to its location. This issue concerns a perceived need to have a certain kind of description prepared before title can be confirmed.
¶ 15. There are a variety of accepted methods of describing real property. A valid means is by reference to monuments. Natural monuments include rivers, lakes, streams, or trees; artificial monuments include such landmarks as fences, walls, houses, streets, or ditches. Descriptions employing monuments may in part also employ a "metes and bounds" description. That method uses a measurement of length (metes) along certain boundary lines (bounds). Monuments, natural or artificial, can disappear or be altered, so there is an inherent danger in long-time use of monuments. The risk does not invalidate the use. What is needed in any description is accuracy and clarity. Descriptions using monuments are valid even when there is no surveyor's angle and distance description, so-called "courses and distances" descriptions. The validity of references to roads as they presently exist has been confirmed by the Supreme Court. Armstrong v. Itawamba County, 195 Miss. 802, 818, 16 So.2d 752, 757 (1944). In that case, an easement by prescription was awarded to the public on a road "as it now runs." Id. Witnesses testified that there had been no change in the location of the road as far as anyone could remember. This was enough of a description.
¶ 16. The chancellor granted an easement in the "existing road." There was no evidence that the driveway's location had changed over the years. This was sufficient. Should either party now or eventually wish to employ a surveyor so that a different kind of description can be obtained, that is certainly within the rights of landowners. There is no requirement on these facts that the chancellor order such a survey.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF SMITH COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.