LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On May 7, 2004, in the Wilkinson County Chancery Court, Brian Development Co., Inc., Louis Callahan, G H Equipment, LLC, David and Barbara Ber-thelot, Deborah James a/k/a Deborah James Pumphrey Rehnstrom, Gloria Breckwoldt, Randall Breckwoldt, Mitzi Breckwoldt, and Mabile and Edward Breckwoldt (hereinafter Brian Development) filed a complaint against Ed and Sarah Griffin, Isaac and Virginia Thomas, Margaret and Felix Louviere, Felix Louvi-ere, Jr., and Jacqueline Jordan (hereinafter Griffin). In their complaint, Brian Development. alleged that they adversely possessed and obtained by prescription a right of way across certain lands owned by Griffin. The piece of property in question is a gravel road which Brian Development has used over the years to gain access to their property from Ancil Cox Road. This gravel road, known as Griffin Lane, extends from Ancil Cox Road onto the property owned by Griffin.
¶ 2. After a trial on September 27 and 28, 2004, the chancellor determined that Brian Development had met their burden of proof in establishing an easement by prescription across the Griffin’s property via Griffin Lane. Aggrieved, Griffin now appeals asserting that the chancellor erred in ruling that Brian Development adversely possessed an easement across the land in question. Facts pertinent to the issue on appeal will be noted during the discussion.
STANDARD OF REVIEW
¶ 3. This Court has a limited standard of review in examining and considering the decisions of a chancellor. Ellison v. Meek, 820 So.2d 730, 734(¶ 11) (Miss.Ct.App.2002). ‘When reviewing a chancellor’s decision, we will accept a chancellor’s findings of fact as long as the evidence in the record reasonably supports those findings. In other words, we will not disturb the findings of a chancellor unless those findings are clearly erroneous or an erroneous legal standard was applied.” Peagler v. Measells, 743 So.2d 389, 390(¶ 6) (Miss.Ct.App.1999). “The chancellor, as the trier of fact, evaluates the sufficiency of the proof based on the credibility of witnesses and the weight of their testimony.” Ellison, 820 So.2d at 734(¶ 11). The standard of review for questions of law is de novo. Id.
*339 DISCUSSION
I. DID THE CHANCELLOR ERR IN RULING THAT BRIAN DEVELOPMENT ADVERSELY POSSESSED THE LAND IN QUESTION?
¶ 4. Adverse possession is statutory in Mississippi. Mississippi Code Annotated Section 15-1-13 (Rev.2003) provides in pertinent part as follows:
(1)Ten (10) years’ actual adverse possession by any person claiming to be the owner by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title, saving to persons under the disability of minority or unsoundness of mind the right to sue within ten (10) years after the removal of such disability, as provided in Section 15-1-7. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than thirty-one (31) years.
¶ 5. To establish a claim of adverse possession or prescriptive easement, Brian Development must show by clear and convincing evidence that their possession was: “(1) under claim of ownership; (2)actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful.” West v. Brewer, 579 So.2d 1261, 1262 (Miss.1991) (quoting Stallings v. Bailey, 558 So.2d 858, 860 (Miss.1990)). Permission from the record title owner will make the use permissive and not adverse. Myers v. Blair, 611 So.2d 969, 971 (Miss.1992).
¶ 6. The chancellor found that Brian Development’s possession was under claim of ownership for the following reasons. Edna MeGraw Nettles testified that her father, from 1956 until they sold their land to Sid Brian in 1980, placed cattle gaps along the roadway, placed gravel upon the roadway, and kept the roadway in good shape. Another property owner who used Griffin Lane to access his land, Francis James, also placed gravel along Griffin Lane. At no time did anyone using Griffin Lane to access their property ask permission to use the road or to make improvements upon the road. Nettles also testified that the local school bus used Griffin Lane to pick her up for school. Furthermore, Nettles stated that there were other families on adjacent property who used Griffin Lane on a daily basis to access their property. From the record it is clear that there was no other access from Ancil Cox Road to Brian Development’s property besides Griffin Lane.
¶ 7. The chancellor also found the element of hostility was established by Brian Development. According to Moran v. Sims, 873 So.2d 1067, 1069(¶8) (Miss.Ct. App.2004), if the use of the easement is inconsistent with the title of the servient estate owner, the required elements of hostility are established. The servient estate in this case is the former Cage Estate property, which was subdivided by the Griffins. The chancellor found that the use of the roadway by Brian Development and their predecessors from 1956 until the use was interrupted on September 29, 2002, was inconsistent with the titles held by the Cage Estate and, later, the Griffins. On September 29, 2002, Sarah Griffin placed a chain across Griffin Lane.
¶ 8. The chancellor determined that Brian Development established that their possession was open, notorious and visible. The MeGraw family purchased the land in 1956 and their sole means for accessing their property was via Griffin Lane. The MeGraw family used the road until 1980 when they sold their land to Sid Brian, who already owned a tract of land adjacent to Griffin Lane. Sid Brian testified that he *340 and his family had been using Griffin Lane to access their property from 1962 until September 2002, when the cable was placed across the road. There was no evidence that permission was granted to use Griffin Lane nor was there evidence that anyone objected to the use of Griffin Lane until September 2002.
¶ 9. The use of Griffin Lane by Brian Development was continuous and uninterrupted for well over the necessary ten years, beginning with the use of the road by the McGraw family in 1956.
¶ 10. As stated in Moran, “ ‘[exclusive’ use does not mean that no one else used the driveway. Exclusivity here means that the use was consistent with an exclusive claim to the right to use.” Id. at 1069(¶ 10). The evidence presented clearly established that Brian Development and their predecessors used Griffin Lane as the sole access to their property.
¶ 11. According to the record, there was no controversy over the use of Griffin Lane until September 2002 when Sarah Griffin placed a cable across the road. By that time, the ten years’ use had already expired.
¶ 12. We find that the requirements for a prescriptive easement across the Griffin’s property via Griffin Lane were proven. Thus, we affirm the chancellor’s decision.
¶ 13. THE JUDGMENT OF THE WILKINSON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.