# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-02049-COA

| | |
|---|---|
| **CHESTER KING BURNHAM** | **APPELLANT / CROSS-APPELLEE** |

**v.**

| | |
|---|---|
| **JOSEPH A. KWENTUS AND KAREN RICHARDSON** | **APPELLEES / CROSS-APPELLANTS** |

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/2013 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JOHN T. ARMSTRONG JR. |
| ATTORNEYS FOR APPELLEES: | JOHN G. CORLEW |
| | KATHY A. SMITH |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT / CROSS-APPELLEE A PRESCRIPTIVE EASEMENT BUT GRANTED HIM AN EASEMENT BY NECESSITY ACROSS APPELLEES' / CROSS-APPELLANTS' PROPERTY |
| DISPOSITION: | AFFIRMED - 03/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.    For more than fifty years, Chester Burnham had crossed his neighbor's property along Ridge Road, a private road that ran from a public road to Burnham's landlocked property. Burnham's neighbor testified this access was granted out of neighborly courtesy. His family knew Burnham used the road and "in the kindness of their heart" allowed Burnham "to go through their property without question." But when Burnham's neighbor sold the family

property in 2008, Burnham's new neighbors, Joseph Kwentus and Karen Richardson (collectively, Kwentus), told Burnham to stop using Ridge Road. They instead instructed him to use a newer and—in Burnham's eyes—less-passable road. Burnham sued Kwentus, claiming he owned a prescriptive easement across Ridge Road. The chancellor disagreed. And Burnham now appeals the denial of this claim.

¶2. Mississippi's property laws are clear that, if use is based on permission, express or implied, no matter how long, it can never ripen into the hostile use required for a prescriptive easement.[1] Key to a prescriptive easement is use that is adverse to the rights of the servient-estate owner.[2] And here the chancellor found Burnham's use of Ridge Road was not adverse but rather due to the kindness of his neighbor. Thus, we affirm the first part of her judgment, which denied Burnham's claim to a prescriptive easement.

¶3. But Burnham is not left without access to his landlocked property. The chancellor granted Burnham's alternative claim that he had an easement by necessity. This easement arose in 1937, when the bank that owned both Kwentus's property and an undivided interest in Burnham's property sold off its interest in Burnham's landlocked property. In this situation, the law assumes the common owner impliedly granted a right-of-way across its property, so the purchaser could have the needed access to his property.[3] This type of

---

[1] *Sharp v. White*, 749 So. 2d 41, 42-43 (¶8) (Miss. 1999) (citing *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 117 (Miss. 1987)).

[2] *Patterson v. Harris*, 239 Miss. 774, 785, 125 So. 2d 545, 550 (1960) (citation omitted).

[3] *Taylor v. Hays*, 551 So. 2d 906, 908 (Miss. 1989) (citing *Pleas v. Thomas*, 75 Miss. 495, 500-01, 22 So. 820, 821 (1897)).

easement is appurtenant, traveling with the land as long as the necessity still exists.[4] Because the chancellor found Burnham was in the same need of access as his predecessors in title, we also affirm the second part of the chancellor's judgment, which granted Burnham an easement by necessity across the newer road until it connects to Ridge Road.

## Background Facts and Procedural History

### I. Evidence Before the Chancellor

¶4. In 1937, the property that is now Kwentus's was owned by Capitol National Bank (Capitol). Capitol also owned an undivided one-third interest in the property that is now Burnham's. Capitol conveyed this one-third interest to Robert F. Young. At the time of Capitol's conveyance to Young, Burham's property became landlocked. While Capitol had been able to access its interest in the Burnham tract because it owned the adjoining property, Young would have had to cross over Capitol's property to reach a public road. One of Young's successors in interest also acquired the remaining undivided interest in the property. So when Burnham purchased the property in 1952, he purchased the entire interest.

¶5. Following his purchase, Burnham began using Ridge Road across his neighbor's property, as it was the only way to get to his land. He used the road to access his land to hunt. And he directed his friends and hunting lessees to do the same. Burnham also used Ridge Road when harvesting timber from his property.

¶6. Burnham testified that, in the fifty-six years they were adjoining landowners, he never discussed his use of Ridge Road with his neighbor, Dr. Carl Brannan. According to Dr.

---

[4] *Fike v. Shelton*, 860 So. 2d 1227, 1230 (¶11) (Miss. Ct. App. 2003).

3

Brannan, who inherited the neighboring property from his father in 1960, he and his father had known from the beginning about Burnham's use of Ridge Road. And they had "never questioned" it. Specifically, Dr. Brannan knew Burnham and those Burnham allowed to hunt on his land often parked along Ridge Road, right in front of Dr. Brannan's tenant's house. But to prevent any potential harassment of his tenant, Dr. Brannan decided not to object or ask them to stop. He instead allowed the situation to persist.

¶7. While never giving Burnham "face-to-face" permission, Dr. Brannan testified he "thought [they] were being pretty gracious in the kindness of our heart to allow him to go through our property without any question about it."

¶8. Dr. Brannan sold his property to Kwentus in 2008. Sometime after, Burnham learned Kwentus had approached Burnham's hunting lessee and told him he needed to sign for permission to cross Kwentus's property. Burnham responded by filing an affidavit of adverse possession of an easement across Ridge Road. Kwentus did not outright block Burnham's access to his property, but he did ask Burnham to use a newer, less-intrusive road.

¶9. Unable to work things out, Burnham sued Kwentus, claiming a prescriptive easement or, alternatively, an easement by necessity across Ridge Road.

## II. Conclusions by the Chancellor

¶10. Following a bench trial, the chancellor denied Burnham a prescriptive easement but did grant him an easement by necessity.

¶11. To establish a prescriptive easement, Burnham's burden was the same as that for adverse possession—to prove, by clear and convincing evidence, that his use of Ridge Road was (1) under claim of ownership, (2) actual or hostile, (3) open, notorious, and visible, (4)

4

continuous and uninterrupted for a period of ten years, (5) exclusive, and (6) peaceful. *Thornhill v. Caroline Hunt Trust Estate*, 594 So. 2d 1150, 1152-53 (Miss. 1992) (citations omitted). The chancellor found Burnham failed to meet this burden. Burnham's use of the road was open, notorious, and visible; continuous and uninterrupted for more than fifty years; and peaceful. And though his use was "actual," it was not hostile. Nor was it exclusive or under a claim of ownership. Instead, Dr. Brannan and his father had allowed Burnham to use Ridge Road as a gesture of kindness.

¶12. To meet his burden for an easement by necessity, Burnham had to show the easement was "continuous, apparent, permanent, and necessary." *Delancey v. Mallette*, 912 So. 2d 483, 488 (¶14) (Miss. Ct. App. 2005). But "as an initial first step," he had to show that the tract that is blocked in its access to a public road was once joined with the tract over which access is allegedly necessary." *Id.* Here, the chancellor found Burnham met the first step of showing the two tracts were once joined together by the common ownership of Capitol. And the necessity of the easement arose when Capitol sold its interest to Young, who had no access to his property except by crossing Capitol's property to reach the public road. So just as it was necessary in 1937 for Young to have an easement over Capitol's property to get to the public road, it is still necessary today for Burnham to have that same easement across Kwentus's property.

¶13. Initially, the chancellor granted Burnham an easement of necessity across the entire Ridge Road. But based on Kwentus's motion, she altered her decision, granting an easement of necessity across a newer road until it intersects with Ridge Road.

¶14. Both sides have appealed.

**Discussion**

### I.   Easement by Necessity

¶15.   We begin with Kwentus's cross-appeal.  He challenges the part of the chancellor's judgment granting Burnham an easement by way of necessity from the newer road over to Ridge Road.

¶16.   He claims the chancellor erred in concluding Burnham met the most fundamental requirement of an easement by necessity—that the necessity arose when a common owner severed a tract of land, leaving one parcel landlocked.  He insists the common-owner requirement was not met because, when Burnham's property was sold, the common owner had only a one-third interest in Burnham's tract.  So as Kwentus sees it, the two properties did not have a common owner.  His property was owned by Capitol, he asserts, while Burnham's property was owned by Capitol *and* another owner.

¶17.   We grant that this is not a typical easement-by-necessity case where one large tract of land is severed into smaller lots.  But we do find the facts established before the chancellor support her finding of an easement by necessity.

¶18.   An "easement by necessity" and an "implied easement" are the same. *Delancey*, 912 So. 2d at 488 (¶13) (citations omitted).  For more than a century, it has been "well-settled law that . . . when one sells interior lands surrounded in part by the other lands of the seller and in part by the lands of strangers, [an] implied grant of a way to the interior land exists over the exterior lands of the seller." *Pleas v. Thomas*, 75 Miss. 495, 500, 22 So. 820, 821 (1897). "The reasons need not be sought afar, for they are obvious at a glance." *Id.*  These obvious reasons are:

6

(1) The owner of the interior land could neither reach nor use his land, unless a way to it existed, or was capable of being brought into existence, the right to use, occupy, and enjoy being essential to impart value to the land; and

(2) this essential right is to be sought in the grant of the seller of the interior lot, and the buyer is not to be driven to seek to acquire a way over the lands of other adjoining owners . . . [or] by costly and vexatious proceedings[.]

*Id.*

¶19. This well-settled law applies here. Capitol sold its undivided interest in an interior parcel of land that was surrounded in part by Capitol's land. When this happened, an implied grant of a right-of-way arose over Capitol's land. Young, who could not enjoy his undivided interest in the landlocked property without access, did not have to seek access over any other neighbor's property or institute any legal proceeding. Instead, the implication was that Capitol would not sell Young its interest in the landlocked property without impliedly permitting Young to cross over Capitol's property.

¶20. Further, the fact that a Young successor ended up owning not just Young's one-third interest but the entire parcel does not change this implied right. The implied easement Young was granted "is appurtenant to the dominant parcel" (i.e., the purchased landlocked property) "and travels with the land, so long as the necessity exists." *Fike v. Shelton*, 860 So. 2d 1227, 1230 (¶11) (Miss. Ct. App. 2003). The evidence showed Burnham is the successor to Young's interest in the landlocked property. Thus, Young's implied grant of a right-of-way traveled with Young's interest, so long as the same necessity for access continued. *See id*. The chancellor found the same necessity that arose in 1937 still exists more than three-quarters of a century later. So Burnham has an implied easement across Kwentus's property.

¶21. We affirm the portion of the chancellor's judgment granting the easement by necessity

7

across the newer road to Ridge Road.

## II. Prescriptive Easement

¶22. Not satisfied with the alternate relief he was granted, Burnham has also appealed. He challenges the denial of a prescriptive easement over Ridge Road from its starting point off the public road. He claims the chancellor erred in concluding he had failed to meet three of the six required elements for a prescriptive easement—hostile use, exclusive use, and use under a claim of ownership. We need only address hostile use, for only use that is hostile or adverse to the servient-estate owner can ever ripen into a prescriptive easement.[5]

¶23. By its nature, a prescriptive easement is one that is acquired through adverse use. *See Patterson v. Harris*, 239 Miss. 774, 785, 125 So. 2d 545, 550 (1960). "[T]he rule is well settled that use by express or implied permission or license, no matter how long continued,

---

[5] We do need to point out, however, the chancellor, in finding Burnham's use of Ridge Road was not exclusive, based her conclusion on an erroneous definition. The chancellor defined "exclusive" as not including anyone else and shutting others out. Working from this definition, she found Burnham's use of Ridge Road had not been exclusive because there was evidence Dr. Brannan, his tenant, and his friend had also used Ridge Road, and Burnham never barred anyone from using the road. But that is not how "exclusive" is to be understood for prescriptive-easement purposes.

As this court has said, "'[e]xclusive' use does not mean that no one else used the [road]. Exclusivity here means that the use was consistent with an exclusive claim to the right to use." *Moran v. Sims*, 873 So. 2d 1067, 1069 (¶10) (Miss. Ct. App. 2004). Building on this definition of "exclusive," the supreme court has "conclude[d] that the distinction to be made when using the term 'exclusive' as it relates to a prescriptive easement does not mean to keep all others out, but to show a right to use the land above other members of the general public." *Keener Props., L.L.C. v. Wilson*, 912 So. 2d 954, 957 (¶8) (Miss. 2005). Burnham did not have to bar others from using Ridge Road to prove exclusive use. Ridge Road was not open the public. Yet the evidence showed that for more than fifty years Burnham had used this private road to get to his property. Even after the road was gated, he continued to use it, as he was given a key. Thus, Burnham's use was "exclusive" in the prescriptive-easement sense.

8

cannot ripen into an easement by prescription, since adverse use[], as distinguished from permissive use[], is lacking." *Id.* (citation omitted). Here, the chancellor found Burnham's use of Ridge Road was not adverse. Thus, it was not "hostile."[6]

¶24. "Hostile use is use that is inconsistent with the title of the servient-estate owner." *Threlkeld v. Sisk*, 992 So. 2d 1232, 1239 (¶18) (Miss. Ct. App. 2008). Burnham's using Ridge Road without Dr. Brannan's permission would have been hostile. But Burnham's using Ridge Road *with* Dr. Brannan's permission, express or implied, would not. This is because use by permission is consistent with Dr. Brannan's title to allow his property to be used to access Burnham's. Whether Burnham's use was prescriptive or permissive was a question of fact to be determined by the chancellor. *See Sharp v. White*, 749 So. 2d 41, 43 (¶8) (Miss. 1999).

¶25. Burnham argues he was not required to prove a negative—that his use of Ridge Road was not based on permission. *See Dieck v. Landry*, 796 So. 2d 1004, 1008 (¶12) (Miss. 2001). But here, there was positive evidence the chancellor relied on to find Burnham's use was permissive. Dr. Brannan testified he and his father before him allowed Burnham to use

---

[6] Burnham claims he met the second element for a prescriptive easement because the chancellor found his use of Ridge Road, while not hostile, was "actual." But despite the "actual or hostile" language in *Thornhill*, 594 So. 2d at 1152, and other cases, the lack of hostile use is fatal to a prescriptive-easement claim. *See, e.g., Webb v. Means*, 944 So. 2d 917, 920 (¶9) (Miss. Ct. App. 2006) (holding the appellants could not prove the elements of a prescriptive easement during a certain time period because "use of the property during that time was clearly permissive, not hostile"). In fact, many cases, when listing the required elements for a prescriptive easement, simply list the second element as "hostile," with no mention of "actual." *E.g., Paw Paw Island Land Co. v. Issaquena & Warren Cnties. Land Co.*, 51 So. 3d 916, 924 (¶27) (Miss. 2010); *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 117 (Miss. 1987); *Arrechea Family Trust v. Adams*, 960 So. 2d 501, 504 (¶7) (Miss. Ct. App. 2006).

Ridge Road, not because they believed Burnham had a right to use the road, but because they wanted to be kind neighbors. *Cf. Threlkeld*, 992 So. 2d at 1239 (¶20) (finding that allowing a neighbor to use a road based on the mistaken belief the road was public is not evidence of permission). At no point did Dr. Brannan tell Burnham to stop crossing Dr. Brannan's property, which would have made any continued use adverse. Rather, Dr. Brannan even went so far as to give Burnham a key when the road was eventually gated and locked.

¶26.    In the words adopted by our supreme court in *Patterson*:

> The law should, and does, encourage acts of neighborly courtesy. A landowner who quietly acquiesces in the use of a path, or road, across his uncultivated land, resulting in no injury to him, but in great convenience to his neighbor, ought not to be held to have thereby lost his rights. It is only when the use of the path or road is clearly adverse to the owner of the land, and not an enjoyment of neighborly courtesy, that the landowner is called upon "to go to law" to protect his rights.

*Patterson*, 239 Miss. at 785-86, 125 So. 2d at 550 (quoting *Weaver v. Pitts*, 133 S.E. 2, 3 (N.C. 1926)). In this case, the chancellor found Burnham's use was based on such "neighborly courtesy." And because there is substantial evidence in the record to support her conclusion, we will not disturb her finding that Burnham's use was not clearly adverse to his neighbor's rights. *See Threlkeld*, 992 So. 2d at 1238 (¶14).

¶27.    Without hostility, Burnham's use of Ridge Road, though longstanding, lacked the adverse character required for a prescriptive easement. Therefore, we also affirm the portion of the chancellor's judgment denying Burnham a prescriptive easement across Ridge Road.

¶28.    **THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TO BE DIVIDED EQUALLY BETWEEN THE APPELLANT / CROSS-APPELLEE AND THE APPELLEES / CROSS-APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**