ROBERTS, J„
 

 for the Court:
 

 ¶ 1. M.L. Pulliam, Lonnie Pulliam, Thomas Gene Pulliam, M. Earl Pulliam, Sammy K. Pulliam, and Linda Pulliam Wilson (Collectively, the Pulliams) appeal the decision of the Chickasaw County Chancery Court finding that the Pulliams failed to sustain their claim that they adversely possessed certain property in Chickasaw County Mississippi. They further appeal the chancellor’s decision that Alpha Bowen, Genora Bowen Williams, and Rita May Bowen Neal (Collectively, the Bowens) had adversely possessed the disputed property spanning from County Road 406 to the Bowens’ southern boundary line. Finally, the Pulliams appeal the chancery court’s dismissal of their claim for trespass and ejectment. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The Bowens and Pulliams own adjacent property in Chickasaw County. The Pulliams’ property lies to the west of the Bowens’ property. The property in dispute is located in the West Half of Section 2, Township 14 South, Range 4 East. The Bowens received their property from a deed passed down from Cora Belle Bowen, their mother, to them with the original source being a forfeited land tax patent from the State of Mississippi to their great-uncle. Their property, as described in the deed, is the “East [half] of the Northwest [quarter], and the East [half] of the Northeast [quarter] of the Southwest [quarter], both in Section 2, Township 14, Range 4 East, being approximately 109 acres.” According to their deed, the Bow-ens’ property did not extend all the way to County Road 406.
 

 ¶ 3. The Pulliams property is described in a deed from Toily Pulliam, their mother. The property is described as “beginning in the northwest corner of Section 2 ... and run thence east 25.60 chains, thence south 66.40 chains to the center of the ... Public Road, thence running westerly along the center of said public road 25.60 chains, more or less, to the west line of said Section 2, thence north along the section line 71.90 chains to the point of begin
 
 *333
 
 ning....”
 
 [1]
 
 The property described in the deed is approximately 174 acres.
 

 ¶ 4. In June 2006, Alpha and Genora filed a complaint to quiet and confirm title against M.L. and all others having any' interest in the property. In 2007, the Pulliams filed a complaint against the Bowens seeking ejectment for trespass and to quiet and confirm title to the disputed property. In June 2008, these two cases were consolidated naming the Pul-liams as plaintiffs and the Bowens as defendants.
 

 ¶ 5. At the hearing, the Pulliams asserted that they were the owners of certain property described in their deed, and even though their deed and the Bowens’ deed overlapped, they were entitled to the property by adverse possession. The Pulliams relied on the testimony of M.L. to establish their claim for adverse possession. M.L. testified that an old fence line on the eastern side of the Fitzpatrick property was the actual boundary line of his property and the Bowens’ property.
 
 [2]
 
 The Pul-liams claim everything west of the old fence line. The fence referenced by M.L. was neither shown on the Bowens’ land survey that was introduced into evidence, nor seen by the chancellor upon an on-site viewing of the property. M.L. testified further that the Pulliams paid taxes on this property.
 

 ¶ 6. The Bowens did acknowledge that a fence existed to separate the properties; however, Alpha testified that the fence was located on the western side of the Fitzpatrick property. He did not dispute that the Pulliams own the land west of that fence line, only that they do not own any of the land east of the line. The fence line Alpha references is found on the survey that the Bowens submitted into evidence. Alpha also testifies that the Bowens paid taxes on the property.
 

 ¶ 7. After hearing testimony from M.L., Alpha, and the surveyor, the chancellor determined- that neither party had fully satisfied the elements of adverse possession to the disputed property. He found that neither party could demonstrate that he exercised control over the land nor that there was any actual or hostile possession of the land to satisfy that element of adverse possession. The chancellor found that there was a mutual mistake in the deed descriptions and not in the actual location of the boundary lines. He found that a deed description that arises from a mutual mistake of the parties may be corrected.
 
 McCoy v. McCoy,
 
 611 So.2d 957, 961 (Miss.1992). As such, he determined that the Pulliams’ and Bowens’ deed descriptions overlap causing a mutual mistake and allowing for reformation of the deed.
 

 ¶ 8. When making his award of property, the chancellor relied on the Pulliams’ deed that was older and more specific in using metes and bounds to describe the property. He determined that it was the intent of the parties’ predecessors to convey property contiguous with each other and that application of the Pulliams’ deed would satisfy that intent. Once he established the Pulliams’ property according to their deed description, he began at the northeast corner of the Pulliams’ property and established the Bowens’ property. He also awarded the Bowens, through adverse possession, the property north of County Road 406 up to the Bowens’ current southern boundary line. He awarded the Bow-ens approximately one hundred acres of property, which was what the predecessors
 
 *334
 
 had originally attempted to convey in the deed. According to the chancellor’s award, the Bowens and Pulliams now have parallel pieces of property which are no longer shaped as a panhandle like the survey of the Bowens’ property had originally indicated.
 

 ¶ 9. The Pulliams now appeal raising three issues:
 

 I. They proved their adverse possession of certain parts of the land awarded to the Bowens;
 

 II. The award of judgment of adverse possession in favor of the Bowens was error;
 

 III. They proved that the Bowens had committed trespass by cutting timber on their property.
 

 DISCUSSION
 

 ¶ 10. When reviewing decisions of a chancellor, the standard of review is limited.
 
 Nichols v. Funderburk,
 
 883 So.2d 554, 556 (¶ 7) (Miss.2004). The chancellor’s determinations will only be reversed when they were manifestly wrong, clearly erroneous, or when the chancellor applies an incorrect legal standard.
 
 Id.
 
 Generally, a finding that proof of adverse possession was insufficient is fact-finding and requires the application of the substantial evidence/manifest error rule.
 
 Walker v. Murphree,
 
 722 So.2d 1277, 1280 (¶ 15) (Miss.1998).
 

 I. Adverse Possession
 

 ¶ 11. The Pulliams argue that the chancery court erred in awarding the Bow-ens certain property by adverse possession while denying them an award of property by adverse possession.
 

 ¶ 12. Mississippi Code Annotated section 15-1-13(1) (Rev. 2003) defines adverse possession as follows:
 

 Ten (10) years’ actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full complete title....
 

 ¶ 13. There are six required elements in determining whether property has been adversely possessed. The party claiming adverse possession must establish each element by clear-and-eonvincing evidence. The claimant must show that his possession was (1) under a claim of right or ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful.
 
 Rice v. Pritchard,
 
 611 So.2d 869, 871 (Miss.1992).
 

 ¶ 14. The Pulliams argue that the chancellor erred in failing to award them certain property through adverse possession. The Pulliams and the Bowens had deeds with overlapping descriptions. As a result, the Pulliams argued that they were entitled to the property that was described under the overlapping deed descriptions because they had adversely possessed the property. The Bowens asserted the same. The chancellor found that neither party was entitled to the property through adverse possession because neither could show that they exercised control to the exclusion of others. The chancellor also found that neither the Bowens nor the Pulliams proved any actual or hostile possession. The Mississippi Supreme Court has repeatedly stated that to show actual or hostile possession, the adverse possessor “must unfurl his flag on the land, and keep it ñying, so that the (actual) owner may see.”
 
 Blankinship v. Payton,
 
 605 So.2d 817, 820 (Miss.1992). In this case,
 
 *335
 
 neither party constructed fences, raised cattle or crops, or even attempted to improve or develop the property.
 

 ¶ 15. The chancellor determined that, in regard to the disputed property, neither party had an adverse-possession claim that would trump the other’s adverse-possession claim.
 

 ¶ 16. The chancellor found that since there was a mutual mistake in the deed descriptions, he could reform the deed according to the description found in the Pulliams’ deed. “The law permits reformation of instruments to reflect the true intention of the parties when (a) the erroneous part of the contract is shown to have occurred by a mutual mistake.... ”
 
 Brown v. Chapman,
 
 809 So.2d 772, 774 (¶ 9) (Miss.Ct.App.2002). The chancellor relied on the Pulliams’ deed because the description used metes and bounds, which is more specific than the Bowens’ deed.
 

 ¶ 17. We find that the chancellor did not err in awarding neither party the property by adverse possession or in his reformation of the deeds; thus, issue is without merit.
 

 ¶ 18. Although the chancellor did not award the disputed property to either party, he did award the Bowens certain other property by adverse possession. The awarded property extends from north of the county road to the southern boundary line of the property described in their deed. The chancellor found that the Bow-ens met all the required elements of adverse possession as to this piece of property. They built their home on the property and actually occupied it for over ten years. The Bowens had even conveyed two other parcels located on that property. These actions were sufficient to give notice to the world that they were claiming the land as their own.
 

 ¶ 19. We find that as to this property the chancellor did not err in his award of this property by adverse possession to the Bowens; accordingly, this issue is without merit.
 

 II. Trespass
 

 ¶ 20. The Pulliams also argue that they proved that the Bowens had committed trespass by cutting timber on the Pul-liams’ property. Mississippi Code Annotated section 95-5-10 (Rev. 2004) provides: “[T]he owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner.” The chancellor dismissed the trespass and ejectment claim because the Pulliams failed to prove that the Bowens had cut timber off their property. Based on the evidence found in the record, it was undisputed that the Bowens had cut timber, but the Pul-liams failed to prove the location of where the timber was cut and that the timber had belonged to them as required by statute.
 

 ¶ 21. Finding this issue without merit, we affirm the chancellor’s dismissal of the Pulliams’ claim for trespass and ejectment.
 

 ¶ 22. THE JUDGMENT OF THE CHANCERY COURT OF CHICKASAW COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . One chain equals sixty-six (66) feet.
 

 [2]
 

 . The Fitzpatrick property is located on County Road 406 in the southwest corner of the Bowens' property.